THE WICHITA & WESTERN RAILROAD COMPANY v. FRANK E. JOHNSON.

1. NEW TRIAL — *Time of Filing Motion — Presumption.* Where an entry of the proceedings taken in a case shows when the trial was begun, but does not affirmatively show when the final decision was made, and it is shown that a motion for a new trial was filed five days after the trial was commenced, which motion was entered and allowed, it will be presumed by the supreme court, for the purpose of upholding the judgment of the court below in granting a new trial, that the motion was filed within three days after the final decision was made.

2. EVIDENCE — *Demurrer — Jury.* The evidence offered by the plaintiff below is found to be sufficient to take the case to the jury, over a demurrer interposed against it.

*Error from Sedgwick District Court.*

THE case is stated in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *C. N. Sterry,* for plaintiff in error.

*Crosby & Rusk,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Frank E. Johnson brought this action against the Wichita & Western Railroad Company to recover damages for personal injuries alleged to have been negligently inflicted by the company. It appears that about two miles southwest from Wichita there is a grade crossing, at almost right angles, of the railroads of the Wichita & Western Railroad Company and the St. Louis, Fort Scott & Wichita Railroad Company. On the night of December 24, 1888, while a passenger train of the St. Louis, Fort Scott & Wichita Company was passing over the crossing, a freight train of the Wichita & Western Company ran through the train of the former company and destroyed the baggage car, on which Johnson was employed in the capacity of express messenger and baggage master. After the collision Johnson was found some distance away in an injured condition; and he alleges that the collision and injury resulted from the negligence of the plaintiff in error. At the trial, Johnson introduced his evidence and rested, and the railroad company then filed a demurrer, challenging the sufficiency of the evidence, and the court, upon an argument, sustained the demurrer, and rendered judgment for costs in favor of the company. Afterward, the court upon motion granted Johnson a new trial, and of this order the company complains.

It is contended that the motion for a new trial was filed out of time, and therefore the court was without authority to grant it. It is claimed that the record shows the judgment upon the demurrer to have been given on October 25, 1888, and that the motion for a new trial was not filed for five days thereafter, nor until October 30, 1888. The record brought here is somewhat obscure as to when some of the steps were taken in the case. It shows when the demurrer to the evidence was filed, and also when the motion for a new trial was filed, but it does not affirmatively show when the decision upon the demurrer was made. In an entry made on October 31, 1888, it is recited that the case came on to be heard October

25, 1888; then follow recitals of the impaneling of the jury, the introduction of the evidence of the plaintiff, the filing of a demurrer to the evidence, the argument of the same; then that the demurrer was sustained, the jury discharged, and judgment for costs awarded to the defendant; that a motion for a new trial was thereupon filed, giving a copy of the same, on which there is an indorsement that it was filed October 30, 1888. Later, there is an entry that the motion for a new trial was allowed on January 1, 1889. In the entry of October 31, the only date mentioned is October 25, when the trial commenced. If the decision on the demurrer was made on that day, the motion for a new trial was not in time. Some of the language used in the entry, including that referring to the filing of the motion for a new trial, in some degree would indicate that all of the steps were taken on the day mentioned in the entry. But it is clear that the motion for a new trial was not filed on that day; and it appears to us that a fair interpretation of the record is, that the entry contains a recital of all that occurred from the 25th of October, when the trial commenced, until the 31st of October, when the entry was made. If all had transpired on the 25th of October, probably all would have been entered on the journal of that day. The record shows when the demurrer was interposed, but it was probably held under advisement and decided at a later day, prior to October 30, when the motion for a new trial was filed. As there is nothing in the record which affirmatively shows when the decision was made, and as the motion for a new trial was entertained and determined by the court, it should be presumed, for the purpose of upholding its judgment, that the motion was filed within three days after the decision was made. If the court had refused the motion, and the record was silent as to the date when the decision was made, it would be presumed by this court, for the purpose of upholding the judgment of the court below, that the motion was not made in time. (*Hover v. Tenney,* 27 Kas. 133.) So, here, where the date of the decision is omitted from the record, we will, for the purpose of

1. New trial— time of filing motion—presumption.

23 —47 KAS.

sustaining the ruling of the district court, presume that the decision was made within three days preceding the filing of the motion for a new trial. Error is never presumed, but must be affirmatively shown, and in the absence of facts affirmatively showing the decision of the court to be erroneous, we will presume it to be correct.

It is next insisted that there were no reasons which justified the court in granting a new trial. The right to a new trial turns upon the proposition as to whether the evidence offered by Johnson was sufficient to take the case to the jury, over the demurrer interposed by the railroad company, and it is still insisted that it was insufficient. An examination of the testimony, however, satisfies us that this claim cannot be successfully maintained. Upon a demurrer to the evidence, the court must look at the testimony in the light most favorable to the plaintiff, and allow all reasonable inferences in his favor. It "cannot weigh conflicting evidence, but must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer." (*Wolf v. Washer*, 32 Kas. 533; *Rogers v. Hodgson*, 46 id. 276; same case, 26 Pac. Rep. 732.) Viewed in this light, it is clear that there is evidence tending to establish the issues made by the pleadings, and therefore the demurrer should have been overruled.

There is testimony tending to show that the train on which Johnson was riding was on time; that it was brought to a full stop near the crossing, and the whistle of the engine sounded, while those in charge looked to see if there were any approaching trains on the other road; that they did not see any, and that they then proceeded to cross at a moderate rate of speed, when the locomotive of the Wichita & Western freight train struck the baggage car with great force, knocking it to pieces, and passing on through the passenger train. There is some testimony tending to show that the freight train approached the crossing at a high rate of speed, and proceeded over the crossing without slacking its speed or stopping to ascertain whether it was entitled to pass over the crossing, and thus negligently collided with the train of the other company, which was en-

titled to the crossing. It is proper to state, however, that some of the testimony is inconsistent with that which has been mentioned, and would tend to show a lack of care on the part of the engineer of the St. Louis, Fort Scott & Wichita train, and still more which in some degree tends to show that the Wichita & Western train stopped and whistled for the crossing, and obtained the right to pass over in advance of the other train. As before stated, however, we cannot weigh the conflicting evidence, and in view of the fact that there is to be another trial, we will not at this time enter upon a detailed 2. Evidence—demurrer—jury. examination of that which has been given. It is enough for the present to say that there was sufficient testimony to take the case to the jury, and therefore the order of the court granting a new trial will be affirmed.

All the Justices concurring.