EQUITABLE MORTGAGE COMPANY v. JAMES VORE *et al.*

### No. 247.

1. PRACTICE—*Demurrer to Evidence—Duty of Court.* "Upon a demurrer to evidence, the court cannot weigh conflicting evidence, but must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer." (*Wolf v. Washer*, 32 Kan. 533.)

2. ——— *Admission of Incompetent Testimony—Error Cured by Instructions.* The incompetent evidence admitted and the instructions of the court relating thereto examined. *Held*, That the admission of the testimony was not prejudicial to the rights of plaintiff in error.

3. ——— *Verdict Supported by Competent Evidence not Disturbed.* Where there is competent evidence which, fairly and reasonably considered, supports the verdict, it will not be disturbed.

Error from Sumner district court; JAMES A. RAY, judge. Opinion filed May 14, 1898. Affirmed.

*Haughey & McBride*, for plaintiff in error.

*Herrick & Rogers*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The Equitable Mortgage Company loaned James Vore $800 on certain real estate in Sumner county. J. D. Patterson, one of the defendants in error, purchased the real estate and assumed and agreed to pay the amount due the Equitable Mortgage Company on its note and mortgage. Ledrue Guthrie was the "correspondent for the company at Wellington, Kan., and through him the loan was made to James Vore."

The plaintiff in error commenced this action to foreclose the mortgage. The defendants Patterson filed their separate answers, admitting, as stated in plaintiff's brief, the execution of the note and mortgage, that they had assumed and agreed to pay the amount due the company, and alleging :

"That when the said note and mortgage were executed, and as a part of the same transaction, the company had executed to said Vore a written agreement providing in substance that Vore might make payments to the company at any time before the note became due, to be applied on the note, and that when Patterson bought the land Vore had assigned in writing said written agreement to him ; and that on the 16th day of June, 1888, Patterson had paid one Ledrue Guthrie, for the plaintiff, the sum of $400 to apply on said note ; that Guthrie was the agent of plaintiff when the payment was made, and authorized and empowered by plaintiff to receive the money on the note and to receipt therefor, and that Guthrie had executed

to Patterson a written receipt for the money at the time payment was made."

And alleging further, that "he had not defaulted in the payment of interest on said note, but had always promptly paid the plaintiff all interest as the same became due and payable."

To this answer the plaintiff filed a verified reply. The issue between the plaintiff in error and defendants in error John D. and C. F. Patterson was tried to a jury. At the beginning of the trial it was agreed:

"That the only issue to be submitted to the jury on the trial of said cause is, whether the defendants Patterson are entitled to a credit of $400 on the note and mortgage sued on in this action by reason of having paid that sum of money to one Ledrue Guthrie to apply on said note and mortgage; and that the jury, under proper instructions from the court, may be instructed to find a general verdict for the plaintiff or for the defendants as the law and the evidence may warrant; and that, if the verdict shall be for the plaintiff, the court may determine the amount due plaintiff under the pleadings and evidence."

The jury returned a verdict in favor of the defendants; a motion for a new trial was overruled by the court, and judgment rendered in favor of the defendants Patterson, and against the plaintiff for costs. The plaintiff below brings the case here for review.

It is contended that the trial court erred in overruling the demurrer of plaintiff in error to the evidence of defendants in error for the reason that the evidence did not show that Ledrue Guthrie was the agent of plaintiff in error to accept the payment made by J. D. Patterson. Applying the rule laid down in *Wolf v. Washer*, 32 Kan. 533, that "upon a demurrer to evidence the court cannot weigh conflicting evidence, but must consider as true every portion of the

evidence tending to prove the case of the party resisting the demurrer," the ruling of the trial court was correct.

It is further contended that the trial court erred in admitting certain testimony. Incompetent testimony was admitted. The court said:

" Mr. Patterson in his testimony stated that Mr. Guthrie told him that he was the agent of the company and had authority to collect this money, and that he paid Mr. Guthrie supposing that he was the agent of the company. You are instructed that it is not competent for a party to prove that an individual was an agent by the declarations of the supposed agent. The reason for this rule is very plain. If parties were authorized to act upon the declarations of individuals in that way no man could protect himself against imposters and designing men. If a man could act upon such statements, any man might go to your banker and state that he was your agent to withdraw your deposits from the bank; the bank would pay him, and when you demanded your money the banker would prove that he claimed to be your agent in withdrawing your money, and relieve himself from paying, and you would be defrauded of your money. Therefore, you cannot consider the declarations of Mr. Guthrie or the suppositions of Mr. Patterson, unless the testimony shows that the plaintiff, the Equitable Mortgage Company, had so acted as to authorize Mr. Guthrie to make the supposition.

Under this instruction, the incompetent testimony admitted was not prejudicial to the plaintiff in error.

It is further contended that the trial court erred in overruling the motion for a new trial, for the reason " that all the evidence in the case did not show or prove that Ledrue Guthrie was the agent of plaintiff in error to receive payment of the $400 paid by defendants in error on the principal of the note sued upon."

The evidence is too voluminous to be commented upon in this opinion.  There is competent testimony which, fairly and reasonably considered, supports the verdict.

Our supreme court has said :

"Where there is a conflict in the testimony of witnesses, it is the exclusive duty of the jury to weigh and determine what facts such evidence proves, and when there is any proper evidence which supports the verdict or findings of the jury, such verdict or findings will not be set aside, although the apparent weight of the evidence is against the verdict or findings ; but where there is no evidence to support a verdict or a finding, and much more where the verdict or findings are against all the evidence in the case, they should be set aside." (*Mo. Pac. Rly. Co. v. Cassity*, 44 Kan. 207.)

We find nothing in the case that will justify a reversal.  The judgment of the district court is affirmed.