Farnsworth v. Clarke.

JEREMIAH H. FARNSWORTH v. RODNEY D. CLARKE.

No. 11,703.    (62 Pac. 655.)

EVIDENCE—*Demurrer—Case Followed.* In considering and deciding a demurrer to plaintiff's evidence in a case tried to the court the same rule obtains as in cases tried to a jury. The court cannot weigh conflicting evidence nor regard the case as though submitted by the defendant upon the plaintiff's showing, but must consider as true all portions of the evidence which tend to prove the allegations of the petition. (*Wolf v. Washer*, 32 Kan. 533, 4 Pac. 1036.)

Error from McPherson district court; A. C. SPILL-MAN, judge *pro tem.*   Opinion filed November 10, 1900. Reversed.

*D. P. Lindsay*, for plaintiff in error.

*John D. Milliken*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action in the nature of a creditor's bill to subject real estate to the payment of a judgment.   The case was tried to the court without a jury.   At the conclusion of the evidence on behalf of the plaintiff a demurrer to it for failure to prove a cause of action was made and sustained.   From the order sustaining the demurrer error has been prosecuted to this court.   In practice demurrers to evidence in cases tried to the court are allowed the same as in cases tried to a jury, although the code provision as to such matter relates only to jury trials.   (*Lumber Co. v. Savings Bank*, 52 Kan. 410, 34 Pac. 1045.)   In this case the evidence was conflicting.   Counsel for defendant in error admits that some of it appears to sustain the claim of the plaintiff in error, the plaintiff below, but insists that inasmuch as the case was tried to the court the evidence must be viewed the same as it would be viewed upon final submission on the facts —must be viewed the same as though the defendant had declined to introduce evidence in his behalf and had submitted the merits of the case on the plaintiff's evidence.   Such is not the rule.   The case of *Wolf v. Washer*, 32 Kan. 533, 4 Pac. 1036, was a review of a demurrer to evidence in a case tried to the court. It was there ruled : " Upon a demurrer to evidence the court cannot weigh conflicting evidence, but must con-

sider as true every portion of the evidence tending to prove the case of the party resisting the demurrer." In the opinion it was remarked :

"In order to sustain a demurrer to the evidence, the court must be able to say, as matter of law, that the party introducing the evidence has not proved his case ; and the court cannot, upon conflicting and contradictory evidence, say that as a matter of fact the preponderance of the evidence shows that the party introducing it has not proved his case. If in the present case no demurrer to the evidence had been interposed, and the case had been submitted to the court upon the evidence introduced, for a decision upon the merits and as to what the conflicting and contradictory evidence in fact proved, and the court had decided the case in favor of the defendants and against the plaintiff, the decision in all probability would be right; for in such a case the court would have weighed the conflicting and contradictory evidence, and would have decided the case upon the preponderance of the evidence ; but the court cannot do such a thing where a demurrer to the evidence is interposed, and where the court decides the case as a question of law upon the demurrer."

The judgment of the court below is reversed, with directions for proceedings in accordance with this opinion.