S. A. COON v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

No. 14,766   (89 Pac. 682.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Cross-examination—Limitation.* Upon the trial of an action either party has a right to produce a witness and to interrogate him as to such facts material to the issues as such party may choose, and the cross-examination of such witness by the opposite party should be limited to the subject-matter of the examination in chief and should not be extended to other independent facts in issue.

2. ———— *Demurrer—Court Cannot Weigh Conflicting Evidence.* On the hearing of a demurrer to plaintiff's evidence the court cannot weigh conflicting evidence, nor regard the case as though submitted by the defendant upon the plaintiff's showing, but must consider as true all portions of the evidence which tend to prove the allegations of the petition. (*Wolf v. Washer,* 32 Kan. 533, 4 Pac. 1036; *Farnsworth v. Clarke,* 62 Kan. 264, 62 Pac. 655; *Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.)

Error from Elk district court; GRANVILLE P. AIK-MAN, judge.  Opinion filed March 9, 1907.  Reversed.

STATEMENT.

THIS action was brought to recover damages for personal injuries alleged to have been received by plaintiff at Emporia while crossing the defendant's railroad tracks, between the station and defendant's train, which plaintiff was about to enter to take passage to Kansas City.

The plaintiff and another were shipping cattle from Howard, on defendant's railroad, to Kansas City.  They accompanied the shipment as caretakers, and rode on passes, in a caboose attached to the freight-train, from Howard to Emporia.  When approaching Emporia they were informed by the conductor that a new train would there be made up, and he told them to go to the depot and wait therefor.  It was in the night-time, and after waiting from about eight o'clock in the evening until about half-past nine they were told by the defendant's train dispatcher that their train would soon be on the second track; that it would stop only a short time; and that they would have to be there to get on, as the train would not wait.  They went out of the depot, saw a freight-train moving on the second track, with a caboose attached, which they supposed was, and which proved to be, the train upon which they were to resume their journey.  They then started to cross the first track to be ready to get into the caboose when it should come up, and while between the rails of the first track they were both struck by a switching-engine coming from the opposite direction, and the plaintiff claims that he was injured thereby and that his companion was killed.

On the trial of the case to a jury, the plaintiff having introduced his evidence, the defendant demurred thereto, and the court sustained the demurrer, discharged the jury, and rendered judgment against the plaintiff for costs.  To reverse this judgment Coon brings the case here.

*R. H. Nichols,* and *Jackson & Darby,* for plaintiff in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Numerous assignments of error were made on the motion for a new trial, which motion is copied in the plaintiff in error's brief. There are, however, only two questions presented for our consideration.

The plaintiff called as a witness in his behalf two employees of the company, and upon cross-examination the attorney for the company was allowed over the objection of plaintiff to ask many questions not relating to the evidence in chief but to matters of defense. While a trial court is vested with much discretion in the conduct of a trial, it is a rule necessary to an orderly trial of the issues in a case that the party upon whom rests the burden of the issues shall first produce his evidence—all his evidence—before the opposing party is allowed to produce any evidence. This rule, long before recognized, is found in our statute. (Gen. Stat. 1901, § 4722.) It is not the less a violation of the rule that the defendant does not call a witness to prove his defense during the production of plaintiff's evidence, but, departing from the subject-matter of the examination in chief, elicits on cross-examination independent evidence to sustain his defense. It is even more prejudicial; especially so when the witness is, or appears to be, adverse to the plaintiff. We do not rest the reversal of the case upon this error, however, and have commented upon it only because there is to be another trial.

The ruling of the court sustaining the demurrer to plaintiff's evidence and rendering judgment against him for costs was, we think, erroneous. The plaintiff offered evidence tending to show that shortly before

Coon v. Railway Co.

the injury he had been a passenger for hire upon defendant's train; that he left the train and went to defendant's depot at the suggestion and direction of the conductor in charge of the train; that at the time of the injury he was crossing defendant's track by direction of defendant's train dispatcher; that immediately before going upon the track he listened and looked in both directions along the track and failed to discover any approaching engine or train; that there was a deep shadow of a post near an electric light, which obscured the track and anything which might be upon it for some distance in the direction from which the engine which struck him came; that while he was walking across the first track, which it was necessary for him to cross to get to his train as directed, he saw what appeared to be a "dark wall" coming upon him, which proved to be a switching-engine; that he jumped to avoid it, but was struck and knocked down and injured by it; that the engine was backing, and he was struck by the tender, upon which there was no light; that from the time he left the waiting-room till he was struck no bell was rung or whistle sounded, and there was no one there to admonish him of danger. The plaintiff also produced evidence tending to show that he was injured, the extent of his injury, that he was damaged thereby, and the amount of his damages. This made a *prima facie* case against the defendant.

It is no answer to say that the other evidence given by plaintiff or by witnesses produced by him weakened or destroyed the effect of essential parts of this evidence. It is not the province of the court on demurrer to determine the effect of conflicting or contradictory evidence, "but [the court] must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer." (*Wolf v. Washer*, 32 Kan. 533, 4 Pac. 1036, syllabus.) A portion of the opinion in *Wolf v. Washer* was cited with approval in an opinion by Mr. Chief Justice Doster in *Farnsworth*

*v. Clarke,* 62 Kan. 264, 62 Pac. 655. It is terse and exhaustive of the subject. We again repeat it:

"In order to sustain a demurrer to the evidence the court must be able to say, as a matter of law, that the party introducing the evidence has not proved his case; and the court cannot, upon conflicting and contradictory evidence, say that as a matter of fact the preponderance of the evidence shows that the party introducing it has not proved his case. If in the present case no demurrer to the evidence had been interposed, and the case had been submitted to the court upon the evidence introduced for a decision upon the merits and as to what the conflicting and contradictory evidence in fact proved, and the court had decided the case in favor of the defendants and against the plaintiff, the decision in all probability would be right; for in such a case the court would have weighed the conflicting and contradictory evidence, and would have decided the case upon the preponderance of the evidence; but the court cannot do such a thing where a demurrer to the evidence is interposed, and where the court decides the case as a question of law upon the demurrer." (Page 537.)

There is some discussion in the briefs as to the duty owed by the railway company to the plaintiff under the circumstances of this case, and as to the degree of care the plaintiff should have exercised to exonerate himself from the charge of contributory negligence. There was no specific ruling of the court, however, on these subjects, and hence there is nothing to review in this regard. It is sufficient to say that the evidence produced by plaintiff, regarded as required by the rule above stated, does not, as a question of law, show the plaintiff guilty of contributory negligence. This question should have been submitted to the jury under proper instructions.

The judgment is reversed and a new trial awarded.