No. 19,795.

J. S. SIMON, *Appellee*, v. THE MISSOURI & KANSAS TELEPHONE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Sagging Telephone Wire—Electric Storm—Horses Killed by Lightning—Proximate Cause.* The defendant maintained a telephone line consisting of one wire supported on poles placed at the side of a public highway close to a hedge. At one place the wire sagged to within four feet of the ground. Plaintiff who was traveling with a team and wagon, stopped at noon to rest and turned his horses out to graze on the road. A storm came up and the horses went to the side of the road close to the hedge for shelter. While standing under the wire where it sagged they were killed by lightning which first struck one of the poles 150 feet distant. The telephone wire was not in itself dangerous to persons or animals using the highway for ordinary purposes of travel, and even though it were held negligence to maintain the wire so close to the ground, it was not the proximate cause of the injury. That required a conjunction of conditions and circumstances of an extraordinary nature which it is not reasonable to say a person of ordinary prudence and foresight should have anticipated.

Appeal from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed January 8, 1916. Reversed.

*D. E. Palmer,* and *J. W. Gleed,* both of Topeka, for the appellant.

*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff had two horses killed by lightning which he alleged was communicated to them by a telephone wire negligently maintained by defendant in a public highway. He recovered judgment for the value of the horses, and defendant appeals.

The plaintiff is an itinerant horse trader. On May 5, 1913, he was traveling with his family in a covered wagon from Cherryvale to the northern part of the state, and while passing through Franklin county, stopped at the side of a public road for rest and dinner. He had four horses, which he turned out to graze along the highway, having them hobbled to prevent

their getting beyond control.  At the west side of the public road, and next to a hedge, the defendant maintained a telephone line of one wire, which sagged to within about four feet of the ground.  While plaintiff's horses were grazing at the side of the road, a storm came up and the horses went close to the hedge for shelter.  Two of them were standing under the sagging wire and were killed by a stroke of lightning.  Plaintiff testified that the horses fell at the instant of the flash, and that the lightning first struck a telephone pole 150 feet from where the animals were and was conveyed to them from the telephone wire.  He admitted on cross-examination that this was his conclusion from the circumstances; that immediately after the storm he discovered fresh splinters and pieces of the pole lying on the ground.

One defense pleaded in the answer was that the horses were running at large on the public highway, contrary to the herd law which it is admitted was in force in Franklin county.  The principal contention is, that no negligence was shown on the part of defendant which was the proximate cause of the plaintiff's loss.  These defenses were raised by demurrers to the petition and to the evidence, and by a motion for a new trial.

Wholly apart from the question whether plaintiff's horses were running at large in violation of the statute, we think the judgment can not be permitted to stand.  Manifestly, the fact that defendant is a corporation has nothing to do with the question of its liability for the injury.  If the wire through which the stroke of lightning was transmitted to the horses had been a private telephone wire maintained at the roadside by a farmer, or had been part of his wire fence along the highway, his liability for plaintiff's loss would be determined upon precisely the same legal principles.  Telephone and telegraph wires carry very light voltage and can ordinarily be handled with as little danger as a fence wire.  Either may furnish, as may water pipes, gas mains, etc., a conductor for lightning; but before the plaintiff can recover he must show some negligence of the defendant which was the proximate cause of his loss.  The telephone wire was not in itself dangerous to any person using the highway for ordinary purposes of travel, because it was maintained at the side of the road next the hedge, and although allowed to sag close to the ground it interfered

in no way with the traveled portion of the highway. But conceding that it was negligence to maintain the wire so close to the ground, still nothing is more firmly settled in the law of negligence than the principle that to be the proximate cause of an injury the accident or happening of the injury must be a probable or natural consequence of the negligent act. Stated in another way, the negligent act is not the proximate cause unless, under all the circumstances of the case, the injury or accident is one which might reasonably have been anticipated by a person of ordinary foresight and prudence.

"While one is responsible for such consequences of his fault as are natural and probable, and might therefore be foreseen by ordinary forecast, if his fault happened to concur with something extraordinary and therefore not likely to be foreseen, he will not be answerable for the extraordinary result." (*Railway Co. v. Columbia*, 65 Kan. 390, 398, 69 Pac. 338.)

Where the alleged negligence of defendant merely furnishes a condition or gives rise to an occasion by which the injury is made possible, the defendant's negligence is regarded as the remote and not the proximate cause. (*Railway Co. v. Columbia*, supra.) The law makes every person liable for such results of his negligence as ought reasonably to have been foreseen or anticipated by the exercise of ordinary prudence. Two comparatively recent cases illustrate the application of these principles. In *Gas Co. v. Carter*, 65 Kan. 565, 70 Pac. 635, gas had been negligently allowed to escape into a cellar and from some unknown cause exploded. It was held that the explosion was a probable and natural consequence of permitting large quantities of a highly explosive agency to accumulate in a confined place, and the gas company's negligence in permitting this was held to be the proximate cause of the accident without any evidence showing how the gas became ignited. In the Dabney case (*Gas Co. v. Dabney*, 79 Kan. 820, 101 Pac. 488), the negligence was in permitting natural gas to escape from a well into the open air in the nighttime. An explosion occurred, causing damage, but there was no evidence showing how the gas became ignited. It was said in the opinion that lightning might strike the well and ignite the gas, or some careless person might strike a match near it and cause an explosion, or fire might by other acci-

dental means be brought in connection with the gas, but in the usual and ordinary course of things none of these consequences would reasonably be expected to occur, and the negligence in permitting the gas to escape into the open air was held not to be the proximate cause of the explosion.

The principle on which the case of *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416, was decided applies to the case at bar. Plaintiff was injured by being thrown from a wagon when a team of mules ran away and the wagon struck a guy wire which projected diagonally for a distance of four feet into a public highway but did not extend to that portion of the highway graded and used for travel. Independent of whether the telephone company was negligent in maintaining the guy wire at the side of the road, it was held that this was not the proximate cause of plaintiff's injury. In the opinion it was said:

"The party placing the wire four feet and four inches from the pole in the grassy embankment north of the traveled portion of the road can not be held to have foreseen that a team might become frightened twenty rods east thereof and run upon the embankment. Had the automobile not passed, had it not scared the team, had they not pulled out of the road in spite of the driver's efforts to keep them in it, no harm would have come from the wire, and to hold the company placing it there liable would be to charge it with the duty to foresee all these most uncommon and unlooked for conditions." (p. 765.)

The telephone wire in the present case was no more dangerous than was the guy wire in that case. Had not the plaintiff turned his horses out to graze on the public road at that particular time and place; had not the storm occurred then; had the horses happened to seek shelter at the opposite side of the road; had not lightning struck when and where it did, the telephone wire would not have harmed the animals. As it occurred the loss sustained by the plaintiff required the conjunction of conditions and circumstances of an extraordinary nature, which it is unreasonable to say a person of ordinary prudence and foresight should have anticipated.

The judgment is reversed and the cause remanded with direction to enter judgment for the defendant.