No. 20,713.

LEON MATASSARIN, *Appellee*, v. THE WICHITA RAILROAD &
LIGHT COMPANY, *Appellant*, et al.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Personal Injuries — Demurrer to Evidence — Properly
   Overruled.* When plaintiff's evidence is challenged by demurrer, all
   the evidence adduced in support of his cause of action is entitled to
   most favorable consideration; and it is immaterial that the testimony
   of some of his witnesses may be contradictory to or inconsistent with
   that portion of it which tends to support his cause of action.

2. PERSONAL INJURIES — *Proximate Cause — Contributory Negligence.*
   Rule followed that where a plaintiff's negligence merely furnishes the
   situation or condition whereby the unrelated, unforeseen and unan-
   ticipated negligence of another does him an injury, the plaintiff's
   negligence is not necessarily contributory nor does it necessarily bar
   a recovery for his damages sustained.

3. SAME—*Doctrine of Comparative Negligence.* An instruction within
   the principle announced in syllabus 2 examined and held not to be a
   pronouncement of the discarded doctrine of comparative negligence.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed March 10, 1917.
Affirmed.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appel-
lant.

*S. B. Amidon, D. M. Dale,* and *S. A. Buckland,* all of Wichita,
for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered damages for injuries
received while attempting to alight from the defendant's street
car. His petition alleged that while riding as a passenger he
signified to the conductor his desire to get off the car, and—

"That the conductor, Mercer, notified the motorman, Magann, by ring-
ing a bell, and that thereupon the car stopped for the purpose of per-
mitting said plaintiff to alight; and that thereupon, plaintiff approached
the rear steps of said car to alight therefrom and as plaintiff was about
to step off the said car, and before he had time to alight and while he
was preparing to alight, the said defendant, Magann, and said defendant,
Mercer, with gross carelessness and negligence, carelessly, negligently and

wantonly started said car with a sudden jerk, with such force and violence that it threw said plaintiff from the rear platform of said car to the street, and that said plaintiff struck the street with such force and violence," etc.

Defendant assigns error in overruling its demurrer to plaintiff's evidence and in the instructions to the jury.

Plaintiff's own testimony harmonized with the allegations of his petition, and tended to support them, and the jury's special findings are to the same effect. But he produced one witness, by deposition, one Murdock—who testified that the car did not come to a standstill, but was going ten or eleven miles an hour when plaintiff left the car; that it—

"Slowed down and kept on slowing down until it passed the crossing and just as the plaintiff turned loose of the car, or just a little before he turned loose of the car, the power on the car was turned on in such a manner that the car shot forward, at the time the plaintiff turned loose of the car and when he came in contact with the ground, he rolled and slid."

It is contended that on this testimony of Murdock a demurrer to the evidence should have been sustained; that it must be taken as true by the plaintiff who proffered it, and that the plaintiff's own testimony can not be used to impeach or contradict it. Assuming that Murdock's testimony did in fact materially differ from plaintiff's own evidence, nevertheless a demurrer would not lie. That proposition was set at rest in *Coon v. Railway Co.,* 75 Kan. 282, 89 Pac. 682, where it was held that when a demurrer is invoked to test the sufficiency of a party's evidence, every element of that evidence which tends to support the party's allegations must be favorably considered, and that in such test the fact that some of the evidence thus adduced is inconsistent with or contradictory to the rest of it is immaterial. The court said:

"It is no answer to say that the other evidence given by plaintiff or by witnesses produced by him weakened or destroyed the effect of essential parts of this evidence. It is not the province of the court on demurrer to determine the effect of conflicting or contradictory evidence, 'but [the court] must consider as true every portion of the evidence tending to prove the case of the party resisting the demurrer.'" (p. 285.)

It would be a hard doctrine, indeed, to hold that if every witness produced in support of a cause of action did not give testimony in substantial accord with the evidence of every

other such witness, the party producing such witnesses would lose his cause. The four Evangelists do not tell exactly the same story, but learned·casuists hold that the inconsequential differences in their testimony strengthen rather than weaken the evidence on their main theme on that account.

The demurrer to the plaintiff's evidence was properly overruled, and it is .not necessary to discuss another question which would naturally intrude—whether Murdock's evidence did in fact materially differ in any important particular from that of plaintiff? Certainly Murdock's testimony does not of itself establish contributory negligence on the part of the plaintiff.

The next error assigned is based on the instruction:

"You are further instructed that even though you find from the evidence that the plaintiff was negligent in alighting from the car in question, still if you further find that the-defendant through its employes was guilty of negligence as alleged by plaintiff, and that plaintiff would not have been injured except for the negligence of the defendant company, or its employes, and you further find that such negligence was the direct and proximate cause of plaintiff's injuries, all as alleged by him, then you are instructed that the plaintiff would be entitled. to recover, and this notwithstanding that he was negligent in the first instance."

Appellant contends that this instruction is condemned by. the decisions of this court which hold that the doctrine of comparative negligence is not recognized in this state. (*Railroad Co. v. Henry,* 57 Kan. 154, 45 Pac. 576; *Railway Co. v. Walters,* 78 Kan. 39, 96 Pac. 346.) Perhaps the legislature has reestablished this old subtlety in compensation cases (Laws 1911, ch. 218, § 46, Gen. Stat. 1915, § 5940), but the rule contended for by appellant still prevails in ordinary damage suits. But does a fair reading of the instruction warrant the criticism directed toward it? Laying aside the question of its relevancy, does not the instruction state correctly a familiar principle of law? If in fact the plaintiff was negligent in getting on the rear platform or on the step while the car was slowing down to a stop or before it completely stopped, or in attempting to alight before it entirely stopped, such negligence would probably not have resulted in his injury but for the unexpected negligence and carelessness of· the defendant. His own negligence might only have furnished the condition

or situation where the unrelated and unanticipated negligence of the defendant did him the injury. That proposition fairly presented a question of fact, when the elements of contributory negligence were sufficiently covered, as they were here, in other instructions given to the jury.

It is well established by the authorities that the negligence of a person which merely furnishes the situation or condition whereby an independent, unforeseen and unanticipated agency causes his injury will not bar a recovery for such injury. (*Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338; *Gas Co. v. Dabney*, 79 Kan. 820, 101 Pac. 488; *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416; *Railway Co. v. Walters*, 78 Kan. 39, 40, 96 Pac. 346; *Simon v. Telephone Co.*, 97 Kan. 42, 44, 154 Pac. 242; *Washington & Georgetown R'd v. Harmon*, 147 U. S. 571.)

The instruction given may be subject to some criticism, but since other instructions fully covered the legal theory of the defense, we think the criticised instruction can hardly be said to announce the doctrine of comparative negligence or otherwise to have misled the jury, and as no other material error in this case is apparent, the judgment is affirmed. ·

BURCH, J., and PORTER, J., dissent from the third paragraph of the syllabus and corresponding portion of the opinion.