## LUSTER et al. v. FIRST NAT. BANK in OKLAHOMA CITY.

No. 15395—Opinion Filed June 23, 1925.

Rehearing Denied Sept. 8, 1925.

1. **Bills and Notes—Extension of Payment —Failure of Evidence.**

An extension of time for the payment of a note, beyond due date, can only be accomplished by an agreement, either express or implied, and proof on part of defendant which shows the execution and mailing of a check by defendant to plaintiff for the purpose of extending payment, in the absence of proof showing that the check was received and accepted by the plaintiff, is wholly insufficient to establish payment, or an agreement extending time of payment.

2. **Trial—Demurrer to Evidence—Effect in Trial to Court.**

The rule providing that in passing upon a demurrer to the evidence, in jury trials, the truth of the evidence attacked, together with all reasonable inferences and conclusions that may be drawn therefrom, must be indulged by the court, has no application to trials to the court, without the intervention of a jury.

3. **Same—Demurrer to Evidence as Motion for Judgment or Nonsuit.**

The legal effect of a demurrer to the evidence by the opposing party after his adversary has closed his case is the same as that of a motion for judgment, or for nonsuit.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by First National Bank in Oklahoma City against J. C. Luster et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Young, Haste & Powell, for plaintiffs in error.

Wilson, Tomerlin & Threlkeld and S. S. Chandler, Jr., for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Murray county, Okla., by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, to recover the sum of $2,000, with interest and attorney's fee, as evidenced by a certain promissory note. The defendants filed what they denominated a plea in abatement and aver that the cause should be dismissed for the reason that the action was prematurely brought. The action was instituted on August 16, 1923, and defendants aver that the time of payment on the note had been extended until September 2, 1923, while plaintiff contends that the last extension only extended the time of payment to August 2, 1923. The execution of the note is admitted and there is no controversy between the parties as to the facts, except as to one payment which defendants claim would have extended the due date of said note until September 2, but no check was offered in evidence showing such payment, and there was no proof that it had ever been received by the plaintiff bank or that it had ever been presented to the bank upon which it was drawn for payment, and it is conclusive that it was never accepted by the bank or cashed and applied on the note. At the close of the evidence by both the plaintiff and the defendants, plaintiff interposed a demurrer to the evidence of the defendants, which was sustained by the court,

and judgment rendered for the plaintiff for the amount sued for, from which judgment the appellants prosecute this appeal, and base their right to a reversal of this case on the contention that the action was prematurely brought, which simply raises the question of the sufficiency of the evidence to sustain the judgment of the court, and also urges that the court committed error in sustaining the demurrer, and cite a number of authorities laying down the general rule to the effect that a demurrer admits the truth of the plaintiff's evidence, together with all reasonable inferences and conclusions that may be drawn therefrom, and that applying this doctrine the case should be reversed upon the grounds that there was a conflict of evidence, but this doctrine has no application to a case submitted to the court without the intervention of a jury. The demurrer in this case was presented after the close of the case by both plaintiff and defendants, and a demurrer where the case is tried to the court, who is the judge of both the law and the facts, has no greater or different effect in such cases than would a motion for judgment, in fact neither of the proceedings are necessary or have any special virtue. There is no more reason for interposing a demurrer to the evidence or a motion for judgment when a case is being tried before a court without the intervention of a jury than there would be for interposing a demurrer or motion and arguing same to a jury, on the submission of the case to the jury. When a jury is waived in a case, where the parties are entitled to a jury, the court occupies the position of a jury and must necessarily weigh the evidence, pass upon the credibility of the witnesses, and determine the rights of the parties and arrive at its conclusions in the same manner, governed by the same rules of evidence and procedure that govern and control a jury in their deliberations.

This court has passed upon this identical question in the case of Lowrance v. Henry et al., 75 Okla. 250, 182 Pac. 489, which differs from the case at bar only in that the court made special findings of fact, but we do not see that this would change the application of the law, because the court is under no obligation to make findings of fact except upon request, and when a general judgment is rendered it is presumed that the court found everything that was necessary to sustain its judgment.

In the second paragraph of the syllabus the court said:

"When a trial is had before the court with-

out a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by it so doing, and when the plaintiff has introduced all his proof and rested, no right of his will be impaired, if the court then determines what has been proven."

In the body of the opinion in a discussion of the rule contended for and universally followed in dealing with demurrers in jury cases, the following statement is found:

"But in cases triable to the court a different rule prevails, where the court makes findings which show that he has weighed and considered the evidence interposed. The court is the sole judge of the credibility of the witnesses and the weight and value to be given their testimony, and must ultimately determine the facts proved. The plaintiff must be given full opportunity to present all competent evidence essential, and this may be said to be the only limitation upon the prerogative of the court."

This case follows the rule announced in the case of Porter v. Wilson, 39 Okla. 500, 135 Pac. 732. In this case reference is made to the fact that the court made findings of fact as in the Lowrance-Henry Case, but no reason is given, and no authorities cited which makes the findings of fact a condition precedent or prerequisite to the validity of the court's action in dealing with a demurrer in cases tried before the court without the intervention of a jury.

The case of Lambuth v. Stetson & Post Mill Co., 14 Wash. 187, 44 Pac. 148, is cited and quoted from at length in both of the Oklahoma cases heretofore referred to, and from which we quote the following:

"* * * But where the entire trial is before the court, which must finally pass upon the law and facts of the case, there is no good reason why it should not be allowed to determine the facts necessary to a proper application of the law at any time during the trial. * * *"

Later on in the quotation, after a discussion by the court of the contention of the appellant in that case, which is similar to the contention made here by appellant, the court said:

"Hence, under the rule contended for by the appellant, the court might be put in the anomalous position of denying the motion for a nonsuit, and immediately thereafter, upon the refusal of the defendant to put in any proof, deciding the case in his favor. No good purpose could be subserved by refusing to a trial court the right

to determine the law in the light of the evidence upon a motion for a nonsuit the same as upon final submission."

The legal effect of a motion for a nonsuit, made by the opposing party after his adversary has closed his case, is the same as that of a demurrer to the evidence. And where the demurrer comes after the close of the evidence by both plaintiff and defendant, we can conceive of no good reason why the powers of the court should be limited in dealing with the matter, or why it should be necessary that the court make special findings of fact, or why the court should be required to overrule a demurrer, and immediately thereafter render judgment in favor of the demurrant; we are therefore inclined to the opinion that there is no merit in the contention of appellant in this particular.

Appellant further complains of the introduction of certain evidence on the part of the plaintiff in the trial court, which was duly excepted to. Plaintiff introduced copies of two letters written to the defendants by plaintiff in the month of April, immediately preceding the institution of this action, concerning the note in controversy, and insisting upon a settlement. We do not regard this as material evidence; however, it is in no wise prejudicial and it might be competent upon the theory of casting some light or having some tendency to show the intention of the plaintiff. We do not regard it of sufficient importance to constitute reversible error and our attention is called to no prejudicial effect resulting by reason of the introduction of same.

The evidence wholly fails to disclose any satisfactory proof of the contention made by the defendants in the trial court, and it is conclusively shown that the check which is in controversy was never accepted by the plaintiff, and extensions of payment on a note is a matter of contract, and the bank could only be bound by such extensions as it agreed to.

In the case of Sosbee v. Clark, 86 Okla. 198, 207 Pac. 732, this court announced:

"Before an offer can become a binding contract it must be accepted, either by word or act, for without this there cannot be an agreement."

And applying this rule, the defendants' contention is left without any foundation whatever, and we therefore hold that this cause should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 427, § 628. (2) 8 C. J. p. 426, § 628; 38 Cyc. p. 1946. (3) 38 Cyc. p. 1945.