## UNIVERSAL LIFE INSURANCE CO. et al. v. BERRY.

No. 25503. May 12, 1936.

F. E. Young and W. A. Blakeburn, for plaintiffs in error.

Joe W. Simpson, for defendant in error.

PER CURIAM. This is an appeal from the court of common pleas of Tulsa county. The action was commenced by Simon E. Berry, as plaintiff, against the North Carolina Life Insurance Company, a North Carolina corporation, Woodmen Union Life Insurance Company, an Arkansas corporation, and Universal Life Insurance Company, a Tennessee corporation, as defendants.

In the petition of the plaintiff it was alleged that on December 20, 1924, the defendant North Carolina Insurance Company had issued to the plaintiff a certain policy of insurance in consideration of payment of an annual premium of $104.38 over a period of ten years; that said policy contained a table of cash surrender values whereby said defendant agreed to pay the amount named in said table on the surrender of the policy. It was further pleaded that subsequently the defendant Woodmen Union Life Insurance Company had assumed the obligation contained in said policy and that plaintiff had continued paying premiums to said defendant; that the plaintiff had paid eight of the required premiums and that the cash surrender value payable under the terms of the policy amounted to the sum of $789; that during September of 1932, the defendants Woodmen Union Life Insurance Company and Universal Life Insurance Company entered into a certain reinsurance agreement between themselves pursuant to decree of the chancery court of Pulaski county, Ark., and that this agreement had been approved by the Insurance Commissioners of the states of Arkansas and Tennessee, respectively, but had never been approved by the Insurance Commissioner of the state of Oklahoma; that plaintiff had not consented to the reinsurance agreement between said defendants and had not participated in the proceedings had in the chancery court of Pulaski county, Ark.; that plaintiff had demanded the cash surrender value payable under the terms of his said policy and that the same had been refused. The petition as originally framed consisted of three causes of action, the first seeking to place all of the companies in a receivership; the second to recover the premiums with interest from date of payments; and third, to recover the cash surrender value named in the original policy. The relief sought under the first cause of action was denied by the trial court, and plaintiff dismissed as to the second cause of action, and the cause was finally tried upon the third cause of action. The defendants, after their separate demurrers had been overruled, filed separate answers in the trial court. The answer of the defendant North

Carolina Life Insurance Company being in the nature of a general denial coupled with specific allegation that demand had not been made upon it for payment of the cash surrender value of the policy. The answer of the defendant Woodmen Union Life Insurance Company, in addition to a general denial, pleaded the reinsurance agreement between itself and its codefendant, Universal Life Insurance Company. The answer of the Universal Life Insurance Company, in addition to a general denial, specifically pleaded the reinsurance agreement entered into between itself and the Woodmen Union Life Insurance Company, and alleged that it occupied the position of trustee and was not liable to the defendant otherwise than as in said reinsurance agreement set forth and limited. The cause was tried to the court without the intervention of a jury, and at the close of plaintiff's evidence the defendants demurred thereto, and when their demurrers were overruled offered no evidence and stood thereon. Thereupon the court rendered judgment in favor of the plaintiff and against the defendants jointly and severally in the sum of $789. The defendants filed separate motions for new trial, and these being overruled, they prosecute this appeal. The parties will hereinafter be referred to as they appeared in the trial court.

The defendants filed in this court a joint petition in error and assign therein six specifications of error, which are presented in their brief under the sole proposition that the court erred in overruling their demurrer to the plaintiff's evidence.

The evidence of the plaintiff consisted of the insurance policy, a copy of the reinsurance agreement between the defendants Woodmen Union Life Insurance Company and Universal Life Insurance Company, certain correspondence, and testimony of the plaintiff and his attorney relative to demand for payment of the cash surrender value named in the policy, and also an affidavit from the Assistant Insurance Commissioner of the state of Oklahoma to the effect that this reinsurance agreement had never been approved by the State Insurance Commissioner of Oklahoma.

The judgment, in so far as it affects the defendants North Carolina Life Insurance Company and Woodmen Life Insurance Company, is not directly assailed in the brief which the parties have filed in this court, but the contention is advanced that the Universal Life Insurance Company was merely a trustee and therefore liable only as such

trustee, and in this connection we are cited to 65 C. J. pages 661, 663, Cavanaugh v. O'Connor (Iowa) 186 N. W. 907, and Zeideman v. Molasky (Mo. App.) 94 S. W. 754. While the principles of law enunciated in the above-cited authorities are correct, we do not deem them applicable to the record here presented.

The rule relative to the effect of the demurrer to the evidence is stated in Davis v. Wallace, 169 Okla. 497, 37 P. (2d) 602, as follows:

"The demurrer to the evidence in jury cases, tried by the court without a jury, may not be strictly authorized by the language of the statute, but is clearly within the spirit of the same. In Porter v. Wilson (1913) 39 Okla. 500, 135 P. 732, Commissioner Sharp, speaking for the court, said:

" 'The statutory warrant for demurring to the testimony of the party on whom rests the burden of the issues is found in the third paragraph of section 5794, Comp. Laws 1909, which expressly provides for the order of procedure in jury trials. This provision was held in Chicago Lumber Co. v. Merrimack River Sav. Bank, 52 Kan. 410, 34 P. 1045, to be authorized by the spirit, if not the letter of the Code of Procedure of that state (section 275 [4722] Stats. Kan. 1901) and which provision of the statute is identical with section 5794, supra. This practice appears to have been recognized by the Supreme Court of Kansas in a number of cases, among which are: Wolf v. Washer, 32 Kan. 533, 4 P. 1036; Farnsworth v. Clarke, 62 Kan. 264, 62 P. 655; Wehe v. Mood, 68 Kan. 373, 75 P. 476. The nature of a demurrer to the evidence has been defined to be (2 Tidd Pr. p. 265) "A proceeding by which the judges of the court in which the action is depending are called upon to declare what the law is upon facts shown in evidence, analogous to the demurrer upon the facts alleged in a pleading." See, also, Suydam v. Williamson, 20 Wall. 427, 15 L. Ed. 978. And the practice of demurring to the evidence in jury trials, while not recognized in some jurisdictions, is an ancient and well-established one, having a firm support in principle, and recognized in many of the states, and by the federal and English courts (Elliott's General Practice, secs. 855, 856) though in trials before the court the practice of demurring to the evidence appears to be an anomalous procedure, followed only by the Supreme Court of Kansas, so far as our investigation of the authorities extends (30 Cyc. 1946; footnote to Elliott's General Practice, sec. 855.)'

"This case is cited with approval in the following cases: Lowrance v. Henry (1919) 75 Okla. 250, 182 P. 489; Luster v. First Nat. Bank (1925) 111 Okla. 168, 239 P. 128; Winans v. Harn (1929) 136 Okla. 5, 275 P. 618.

"The rule controlling the consideration of the demurrer to the evidence in cases tried to the court without a jury, but which are really law or jury cases, is not the same as when a jury is present. The rule has not always been stated or clearly applied in reaching a decision on demurrers to the evidence. It, however, prevails, and has been announced in cases in our own state where careful attention is given to the issues and the rules governing the determination of the questions before the court.

"In Luster v. First Nat. Bank (1925) 111 Okla. 168, 239 P. 128, this court said:

"'When a jury is waived in a case where the parties are entitled to a jury, the court occupies the position of a jury, and must necessarily weigh the evidence, pass upon the credibility of the witnesses, and determine the rights of the parties, and arrive at its conclusions in the same manner, governed by the same rules of evidence and procedure that govern and control a jury in their deliberations.

"'This court has passed upon this identical question in the case of Lowrance v. Henry et al., 75 Okla. 250, 182 P. 489, which differs only from the case at bar in that the court made special findings of fact, but we do not see that this would change the application of the law, because the court is under no obligation to make findings of fact except upon request, and, when a general judgment is rendered, it is presumed that the court found everything that was necessary to sustain its judgment. In the second syllabus the court said:

"'"When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no right of his will be impaired if the court then determines what has been proven."'"

It is urged, however, that the overruling of the demurrer in so far as the Universal Life Insurance Company is concerned was erroneous. Had this defendant prosecuted a separate appeal, there would be merit in this contention, but since the petition in error was joint and the specifications of error were joint and not several, what we have said in Kingkade v. Plummer, 111 Okla. 197, 239 P. 628, applies to the situation here presented, wherein we said:

"It is finally contended that the judgment should be reversed as to the defendant Andrew Kingkade, for the reason that the evidence shows that his only connection with the transaction set forth in the pleadings was that of trustee. The difficulty of this contention is that there is no several assignment of error.

"'A joint assignment of error must be good as to all who join in it or it will be good as to none.' Niles v. Citizens National Bank of El Reno, 110 Okla. 146, 236 P. 414; 2 Cyc. 1003; 3 C. J. 1501; 2 R. C. L. 142, sec. 166."

In this connection see, also, Haley v. Wyte, 169 Okla. 406, 38 P. (2d) 910, and Pharoah v. Beugler, 172 Okla. 633, 45 P. (2d) 1098.

Since the evidence of the plaintiff fully supports the allegations of his petition as respects the defendants North Carolina Life Insurance Company and Woodmen Union Life Insurance Company, there was no error in overruling their demurrer to the plaintiff's evidence, and hence the specifications of error presented in the petition in this court being without merit as respect said defendants, and the petition being joint in nature and the specifications of error being joint, the judgment of the trial court must be affirmed in its entirety.

Included in the brief of the plaintiff is a motion for judgment on the supersedeas bond. Since there appears to be no good reason for denying said motion, judgment is hereby rendered against the National Surety Company in the sum of $823.90 and all costs.

OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.