BROWN v. TURNER et al.

No. 32281. Oct. 8, 1946.

*173 P. 2d 449.*

Arthur Cochran, of Okemah, for plaintiff in error.

W. A. Barnett, of Okmulgee, for defendants in error.

PER CURIAM. This is an action originally brought by Arthur Turner et al., in which a judgment was obtained in favor of them against Jesse Brown. A levy of execution was made upon personal property and thereafter Samantha Brown filed her application to vacate the levy. In this application she stated that she was the owner of a hearse and a Buick automobile that had been transferred to her by Jesse Brown on December 23, 1943. A trial was had to the court without the intervention of a jury and on the 31st day of January, 1945, the court entered its order denying the application of Samantha Brown to vacate the levy of execution and finding generally in favor of Arthur Turner et al., and from this final order Samantha Brown appeals.

The assignment of error together with the brief presented by the plaintiff in error, Samantha Brown, raises the single issue that the court erred in sustaining a demurrer to the evidence offered by Samantha Brown, and in support of this allegation of error she cites and relies on Edmisson v. Drumm-Flato Commission Co., 13 Okla. 440, 73 P. 958, and State ex rel. Elsey v. Silverthorn, 195 Okla. 696, 161 P. 2d 858, in which it is announced that on a demurrer to the sufficiency of the evidence, the question presented to the trial court is admitting **the truth of all the evidence of the** plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, and eliminating all opposing evidence a n d inferences, whether there is any competent evidence tending to support the plaintiff's petition. It appears that the trial court entered two judgments in favor of Arthur Turner against Samantha Brown, both of them dated January 31, 1945. The first judgment was entered in the order and judgment of the trial court finding generally as to all of the parties involved, including the Riley Motor Company, a mortgagee, Jesse Brown and Victor Brown, a stepson of Jesse Brown. In this judgment it is stated that after hearing the evidence produced by the judgment debtor and the claimant, Samantha Brown, the court entered its order and judgment against the claimant, Samantha Brown, to which she duly excepted, and that the court made and signed a separate journal entry of judgment upon "said claim" which is now of record in this case. There was then entered what purports to be a further judgment in which it is stated that the trial court sustained a demurrer to the evidence of Samantha Brown.

We are inclined to the view that the court, therefore, did not sustain a demurrer to the evidence as to Samantha Brown but heard the case generally upon all of the evidence presented. This statement is made after a careful review of the evidence found in the record. In Luster v. First National Bank, 111 Okla. 168, 239 P. 128, we stated that the rule providing that, in passing upon a demurrer to the evidence, in jury trials, the truth of the evidence attacked, together with all reasonable inferences and conclusions that may be drawn therefrom, must be indulged by the court, has no application to trials to the court without the intervention of a jury. See, also, in this connection, Evans v. Raper, 185 Okla. 426, 93 P. 2d 754.

The evidence in the case at bar discloses without substantial conflict that there was no consideration for the exe-

cution of either of the bills of sale transferring the hearse or the Buick automobile to Samantha Brown at the date of their execution. The testimony in this respect is that of Samantha Brown, who is the wife of Jesse Brown, and she states that the indebtedness upon which the consideration is based was incurred long prior to the date of December 2, 1943. After the transfer of the title of the personal property involved from Jesse Brown to Samantha Brown there was no manual delivery of the property to Samantha Brown. The possession of the personal property remained identical with that prior to the date of the alleged transfer on December 23, 1943. Such a transfer is void under 24 O.S. 1941 §6, and is unavailable against creditors of Jesse Brown.

We are, therefore, of the opinion that under all of the evidence produced at the trial there was no evidence of a transfer of possession of the property from Jesse Brown to Samantha Brown and that as a matter of law the attempted transfer was void as to judgment creditors.

The judgment of the trial was affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.