## Lyons *v.* Union Traction Company, Appellant.

*Negligence—Street railways—Driving in front of car.*

Where a person deliberately and suddenly drives in front of a street car approaching him moving at a moderate rate of speed and distant from him about fifty feet, and is injured in the resulting collision, he is guilty of contributory negligence, and cannot recover from the street railway company.

Where the driver of a carriage upon reaching a double track street sees cars approaching from both directions, drives across the far track, proceeds along it a short distance ahead of that car, and then suddenly pulls back from the first track so as to meet the other car moving at moderate speed, head on, and too close for it to be stopped, and a collision occurs, the driver cannot recover for injuries sustained, because (1) there was no evidence of the street railway company's negligence; and (2) he was guilty of contributory negligence.

Where the sole basis of liability is the omission to perform a certain duty suddenly and unexpectedly arising, there must be not only a consciousness of the facts which raise the duty on the part of the person who is charged with its performance but a reasonable opportunity to perform it.

Argued March 28, 1904.    Appeal, No. 294, Jan. T., 1903, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1901, No. 441, on verdict for plaintiff in case of John Lyons *v.* Union Traction Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before McMICHAEL, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,800.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *Dallas Sanders*, for appellant.— There was no sufficient proof of negligence on the defendant's part: Brown v. French, 104 Pa. 604 ; Sekerak v. Jutte, 153 Pa. 117 ; Floyd v. Philadelphia & Reading R. R. Co., 162 Pa. 29 ; Donahue v. Kelly, 181 Pa. 93 ; Phillips v. People's Pass. Ry. Co., 190 Pa. 222 ; Ackerman v. Union Traction Co., 205 Pa. 477 ; Thomas v. Citizens' Pass. Ry. Co., 132 Pa. 504 ; Car-

son v. Federal St., etc., Ry. Co., 147 Pa. 219; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Wheelahan v. Phila. Traction Co., 150 Pa. 187; Winter v. Federal St., etc., Ry. Co., 153 Pa. 26; Gilmore v. Federal St., etc., Ry. Co., 153 Pa. 31; Downey v. Pitts., etc., Traction Co., 161 Pa. 131; Omslaer v. Pitts., etc., Traction Co., 168 Pa. 519; Callahan v. Phila. Traction Co., 184 Pa. 425; Smith v. Electric Traction Co., 187 Pa. 110; Darwood v. Union Traction Co., 189 Pa. 592; Kern v. Second Ave. Traction Co., 194 Pa. 75; Boehmer v. Pitts., etc., Traction Co., 194 Pa. 313; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Burke v. Union Traction Co., 198 Pa. 497; Tyson v. Union Traction Co., 199 Pa. 264; Harman v. Penna. Traction Co., 200 Pa. 311; Hamilton v. Consolidated Traction Co., 201 Pa. 351; Pieper v. Union Traction Co., 20 Pa. 100; Keenan v. Union Traction Co., 202 Pa. 107; Moser v. Union Traction Co., 205 Pa. 481.

*Morton Z. Paul*, with him *Crawford & Loughlin*, for appellee, cited: Lenkner v. Citizens' Traction Co., 179 Pa. 486; Thatcher v. Central Traction Co., 166 Pa. 66.

OPINION BY MR. JUSTICE THOMPSON, April 18, 1904:

If from the facts in this case the logical deduction was clear and without doubt that the appellee was guilty of negligence which contributed to the accident causing the injury to him, the question of his negligence became one of law and the appellant was entitled to binding instructions in its favor. The evidence shows that appellee came down Rising Sun lane to Germantown avenue upon which appellant had two tracks, one for its cars moving southward and one for those moving northward. Upon its western track the cars run in a southerly direction and upon its eastern one they run in a northerly one. Rising Sun lane crosses Germantown avenue nearly at right angles and above it at a distance of about 100 feet is Ontario street. The tracks in question occupy the center of the avenue and upon either side there is a space or roadway for vehicles and travel. The accident in this case occurred upon Germantown avenue just north of Rising Sun lane and between it and Ontario street and was caused by a sudden attempt of appellee to cross with his wagon in front of an approaching car

of appellant resulting in his colliding with it, being thrown out and injured.

Appellee came down Rising Sun lane and when he reached the west side of Germantown avenue one of appellant's cars was coming from the north and one from the south. Instead of taking the roadway on the west side of the tracks he crossed over to the eastern one and just in front of the car moving northward. Hearing the sounding of the gong of that car and seeing a car approaching him from the north distant from thirty-five to fifty feet, he suddenly attempted to cross the western track and as soon as he began his attempt the motorman reversed his power and used every effort to stop his car, but the distance intervening between the car and the wagon was so short, that he was not successful and the accident became inevitable. Appellee's account of it is that he crossed to the eastern track, heard the gong of the car coming north, that he saw the car coming south, and that he took it for granted that he had plenty of time to cross the track. He stated that the car was five or six houses distant. The reason he gave for making this attempt thus to cross under the circumstances was that there was a wagon on the roadway east of the track and one coming down on the north track. He was unable to say what speed the car moving south approached him. Upon cross examination he said he undertook to turn out on the other side to get out of the way of the car coming up and the one coming down and that he turned in front of the one coming down. Appellee's companion who was with him in the carriage at the time of the accident testified that the gong of the car going north was being sounded for them to get off the track. That appellee immediately turned his horses across to the left-hand side of the street crossing the down track and after his horses had cleared there was a crash and he was thrown out. Appellant called as witnesses a number of passengers who were upon the car moving south and who saw the accident. One testified that he saw appellee deliberately turn in front of the car and when he did so he was about fifty feet from it. Another that she saw the carriage in front of the car and that the next instant it started across in front of it. Another that he saw the wagon cross over on the north track and that the car going south was about forty feet away when appellee turned

in on their track. That he turned too quickly right across for the motorman to stop the car. Another that the car was moving at a moderate rate of speed and that he deliberately crossed in front of the car. Appellant also called as a witness a passenger who was on the platform of the north bound car and therefore must have seen clearly what occurred; he testified that the south bound car was thirty-five or forty feet from appellee when he turned into the track in front of it. The conductor of the south bound car and the motormen of both cars substantially testify to these facts. There can be but the one logical deduction from these facts beyond doubt or question that appellee deliberately and suddenly drove in front of the car approaching him moving at a moderate rate of speed and distant from him about fifty feet and was therefore guilty of contributory negligence. It would be difficult to find a case in which the facts more clearly establish such a conclusion; it is not one in which there is any doubt as to the facts or any question as to the inference. It is hardly necessary to fortify this conclusion by a citation of authorities, but it might not be inapt however to refer to Tyson v. Union Traction Company, 199 Pa. 264, in which the trial judge gave binding instructions for defendant. In that case Mr. Justice POTTER says: "He (the plaintiff) was upon the east side of the street intending to go north. He looked up and saw a car approaching from the north, coming on the south bound track which was the one farthest from him. He testifies that he thought that the car was far enough away to permit him to drive across both tracks, before it reached him. He therefore started his team to go directly across, and when his front wheels were on the south-bound track the wagon and car collided causing the injury complained of. There was nothing to put the motorman on notice of any impending collision, until the horses had actually stepped upon the track upon which the car was approaching."

In Moser v. Union Traction Company, 205 Pa. 481, the same justice says: "But he probably failed to take due note of the fact that it (the car) was steadily nearing at a rapid gait the point at which he wanted to cross the track. . . . It was his plain duty to look for it, and observe its position before driving upon the track in front of it. For his disregard of this duty the trial court held that he could not recover in this action."

It is unnecessary to discuss the doctrine that contributory negligence is not applicable to one who while in peril makes a mistake in order to extricate himself from such peril, because in this case the appellee had put himself in the position in which he was, was not in any peril and was acting with deliberation.

While the evidence establishes that the appellee was guilty of contributory negligence it also shows no negligence on the part of the appellant. It failed in no respect in regard to its duty. It did nothing that it ought not to have done and did not fail to do what it should have done. Its car was upon the track where it had a right to be and was not moving at an unusual rate of speed. Its conductor was in his place and its motorman acted promptly and reversing his power, quickly stopped his car. In Phillips v. People's Passenger Railway Company, 190 Pa. 222, Mr. Justice FELL says: "Where the sole basis of liability is the omission to perform a certain duty suddenly and unexpectedly arising, there must be not only a consciousness of the facts which raise the duty on the part of the person who is charged with its performance but a reasonable opportunity to perform it."

The assignment of error is, sustained and the judgment is reversed.