(110 App. Div. 717.)

### MURPHY v. METROPOLITAN ST. RY. CO.

### TRULEY v. SAME.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. STREET RAILWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INJURIES TO PERSONS DRIVING ON TRACK.

Where plaintiff's wagon was heavily loaded, going up a slight grade and moving slowly, and plaintiff drove on defendant street railway's track diagonally towards the south, thereby lengthening the distance he would have to go to clear the track, and bringing him nearer to a north-bound approaching car, it could not be said as a matter of law that plaintiff was free from contributory negligence if he drove on the track when the car was only 75 feet away.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 214, 257.]

2. TRIAL—INSTRUCTIONS—CURE OF ERROR.

Where, in an action against a street railway for injuries from a collision between plaintiff's wagon and defendant's car, the court having charged that plaintiff was not negligent if, when he drove on the track, the car was from 75 to 100 feet away, plaintiff requested a further instruction that if he drove on the track while the car was 50 feet away, he was not negligent, which instruction the court refused, saying that it was for the jury "to say whether under all the circumstances it was negligence," the error in the charge in eliminating from the consideration of the jury the driver's conduct after getting on the track was not cured by the remarks of the court in refusing the requested instruction; such remarks having direct reference to the request relating to 50 feet.

Appeal from Trial Term.

Separate actions by George C. Murphy and by Charles Truley against the Metropolitan Street Railway Company. From judgments for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Judgment in each case reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.
Alfred C. Cowan, for respondents.

LAUGHLIN, J. On the morning of the 23d day of June, 1900, Mr. Truley, the plaintiff in the second entitled action, was in the employ of Mr. Murphy, the plaintiff in the first entitled action, in charge of a dump cart and team owned by his employer, and while driving westerly along Ninety-Eighth street and crossing the north-bound track of the defendant in Third avenue a north-bound car collided with the vehicle personally injuring Mr. Truley, and seriously injuring the horses and damaging the wagon. At the close

of the charge, in which the jury were fully and properly instructed upon the law, the attorney for the plaintiff evidently desirous of obtaining from the court a binding instruction to the jury that certain specific facts and acts if found would, as matter of law, free his client from the charge of contributory negligence, requested the court to charge the jury:

"That in the event that they find that the plaintiff Truley drove on the track, and that his horses were on the track, going on the track when the car was about, as he testified, from 75 to 100 feet away, that there was no negligence on the part of Truley."

The court so charged, and the defendant excepted. The court thereupon said:

"That as, if the fact be as you state—if he was driving on the track when the car was 100 feet away—I charge that it was not negligence on his part."

Counsel for plaintiff, not content with this, endeavored to get the court to further limit the function of the jury by an instruction:

"That if the jury came to the conclusion that he drove on this track while it was 50 feet away, that that would not be negligence."

To this the court replied:

"I decline to so charge. I leave it to the jury to say whether under all the circumstances it was negligence."

The record before us does not show that Truley testified as stated in his attorney's request to charge. The record shows that he testified, in substance, that he looked up and down Third avenue as he reached the line of the sidewalk in that avenue and proceeded on; that a car passed to the south just as his horses "entered on the track," and then he saw a car coming below Ninety-Seventh street; that when the horses were in the middle of the track the car was 150 or 200 feet away. The evidence presented in behalf of the defendant tends to show that the horses were driven onto the track just in front of the car. It was therefore competent for the jury to find that Truley drove upon the track, as stated in the request, when the car was only 75 feet away. The horses were driving a heavy load of sand up a slight grade, and moved slowly. They were not driven across the track at right angles. Truley intended to drive down the westerly side of Third avenue. There was an elevated railroad pillar in the centre of the crossing. Truley drove onto the track diagonally toward the south, passing close to the south of this pillar. This course lengthened the distance that he would have to go to clear the track, and brought him nearer the approaching car. In view of all these circumstances, it cannot be held, as matter of law, that he was free from contributory negligence if he drove upon the track when the car was only 75 feet away. The jury might have found that he should have seen that the car was approaching at such speed that it could not have been stopped after the motorman discovered that the driver of the horses was asserting a right of way over the car. Moreover, the request charged eliminated from the consideration of the jury the driver's conduct after getting upon the track. It will not do to say that the error was cured by the remarks of the court in refusing to hold as matter of law, as requested, that the jury must find the

driver free from contributory negligence, if the car was 50 feet distant when he drove onto the track. These remarks had direct reference to the request relating to 50 feet. If the court intended to withdraw the former charge, it should have been so done that every juror would understand it. That cannot be affirmed on this record.

It follows, therefore, that the judgment in each case should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.