No. 22,730.

GEORGE W. MOORE, *Appellee,* v. THE KANSAS CITY RAILWAYS
COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

STREET RAILWAY—*Motor Truck Attempting to Cross Track—Contribu-
tory Negligence.* Where the driver of a motor truck which has been
backed up to the curb to be loaded, its front being three or four feet
from a street-car track which it must cross to get started on its trip,
starts it while a 65 or 70 foot street car is approaching at a distance
of 80 feet and a speed of 15 to 18 miles an hour, his conduct amounts
to such contributory negligence as to bar a recovery against the street-
car company, notwithstanding a showing that it would have been
possible for the motorman to have stopped the car within its own
length.

Appeal from Wyandotte district court; division No. 2;
FRANK D. HUTCHINGS, judge. Opinion filed March 12, 1921.
Reversed.

*O. L. Miller, E. S. McAnany, M. L. Alden,* and *T. M. Van
Cleave,* all of Kansas City, for the appellant.

*David F. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: George W. Moore was the owner of an automo-
bile truck which was run into by a street car in Kansas City,
Kan. He sued the company and recovered a judgment for the
injury to the truck and the goods with which it was loaded.
The defendant appeals.

The principal question involved is whether (assuming the
motorman to have been negligent in running too fast in view
of the traffic and surroundings, or in failing to use due effort
to stop the car) the plaintiff is barred from recovery by the
contributory negligence of the driver of the truck, in undertak-
ing to cross the track in front of the car, of the approach of
which he had actual or constructive notice, there being nothing
to prevent his seeing it.

The evidence from the standpoint of the plaintiff may be
regarded as establishing these facts: The accident took place

on the car line along Central avenue, which runs east and west, 25 or 30 feet west of its intersection with Seventeenth street, which is 60 feet wide. The truck, which weighed 4,600 pounds, had been backed up to the north curb of Central avenue to be loaded with furniture. If it had stood squarely at right angles with the curb its front would have been too near the street-car track. It was therefore headed to the southwest so that a clearance of 3 or 4 feet was left. When the loading of the truck was completed its driver started to cross the track, bearing to the west, the street car being at this time just east of Seventeenth street at a distance estimated at 80 feet from the truck, running from 15 to 18 miles an hour. The motorman applied the brakes in an effort to prevent collision, but the street car struck the truck on the rear part of the left rear wheel, turning it completely around so that it faced the east. The street car was 65 or 70 feet long, and it was possible to stop it within its own length when going at the speed indicated. The track at Seventeenth street was a little lower than east or west of it.

One who attempts to cross a railroad track when he knows a train is approaching does so at his peril, and if a collision results it is deemed to be the consequence of his own negligence, notwithstanding he may have miscalculated the distance of the train. (*Kirkland v. Railway Co.*, 104 Kan. 388, 179 Pac. 362; 22 R. C. L. 1020.) In the case of an approaching street car, however, a different rule is recognized. The traveler is not required to wait until any street car that he can see has passed because to do so might delay his progress indefinitely and in an extreme case check it altogether. If he sees a street car which he reasonably believes to be approaching at a proper speed, and makes an attempt to cross which would have been successful if such had been the case, but is struck by the car because of its exceeding that limit, he is not necessarily chargeable with negligence. (*Railroad Co. v. Gallagher,* 68 Kan. 424, 75 Pac. 469; *Marple v. Railway Co.*, 85 Kan. 699, 118 Pac. 690; 25 R. C. L. 1284.) It is, of course, negligence for a driver of an automobile or other vehicle to attempt to cross a track in front of a street car unless there reasonably appears to be time for him to get clear across before the car with proper management under the existing conditions will reach the place.

The exact question to be determined here is whether it can be said as a matter of law that the driver of the plaintiff's automobile, seeing the street car when it was but 80 feet away and coming at the rate of 15 to 18 miles an hour, was necessarily negligent in undertaking to cross in front of it. In this connection his situation was much the same as though he had been crossing at a street intersection. He of necessity had to cross the track in front of the place where the truck had been loaded, to get started on his trip. He was entitled to presume, so far as the known facts would admit such a presumption, that the street car would approach the cross street, near which the automobile stood, under control in anticipation of traffic thereon, and that it would be operated with reasonable care in the light of all the attendant conditions.

A person nearly in front of an approaching car is not in a good position to judge of its speed, but in the opinion of this court when a street car 65 or 70 feet long, running 15 or 18 miles an hour, is within 80 feet of the observer he is fairly chargeable with knowledge that it is going at too high a speed to make it prudent for him to attempt to cross the track ahead of it with a heavy truck, notwithstanding it might be theoretically possible to stop the car within 70 feet. A recent note on attempting to cross in front of an observed street car as constituting contributory negligence fully collects and classifies the cases bearing on this subject. (L. R. A. 1917 C, 692-722.) The driver has been held negligent as a matter of law in undertaking to cross in front of a car at a distance of 40 feet going 10 miles an hour (*Hamilton v. Third Ave. R. Co.*, 26 N. Y. Supp. 754), 30 or 40 feet going 8 miles an hour (*New York Small Stock Co. v. Third Ave. R. Co.*, 34 N. Y. Supp. 61), and 50 feet going at a moderate speed (*Lyons v. Union Traction Co.*, 209 Pa. 72). The question of contributory negligence has been held to be one for the jury where the attempt was made to cross while the car was at a distance of 75 feet (*Schoener v. Metropolitan St. Ry. Co.*, 76 N. Y. Supp. 157; *Murphy v. Metropolitan St. Ry. Co.*, 97 N. Y. Supp. 483) and 50 feet (*Cass v. Third Ave. R. Co.*, 47 N. Y. Supp. 356; *Lawson v. Metropolitan St. Ry. Co.*, 57 N. Y. Supp. 997), but in each of the cases cited the car appears to have been smaller than in the present instance, or to have been running at a slower speed.

The decision that the plaintiff's evidence conclusively established contributory negligence makes it unnecessary to consider the other questions raised.

The judgment is reversed, and the cause is remanded with directions to render judgment for the defendant.