No. 23,091.

C. P. BARSHFIELD, *Appellee*, v. M. M. VUCKLICH, *Appellant*.

### SYLLABUS BY THE COURT.

1. AUTOMOBILES—*Driving at Illegal Rate of Speed—Collision—Damages —Demurrer to Evidence Properly Overruled.* In an action to recover damages resulting from the defendant driving his automobile at an illegal rate of speed against the one in which plaintiff was riding, the evidence of the negligence of the defendant is held to be sufficient to sustain the action of the court in overruling the demurrer to plaintiff's evidence.

2. SAME—*Driving at Illegal Rate of Speed is Negligence—Must Be Proximate Cause of Injuries.* The running of an automobile within a city at an excessive rate of speed in violation of a statute is of itself negligence, but the wrongdoer is only liable for such injuries as are the proximate result of the illegal speed; and it is held that this rule was correctly applied by the trial court.

3. SAME — *Negligence — Damage to Automobile — Measure of Damages.* Ordinarily the proper rule for measuring the damages to an automobile resulting from a negligent collision is the difference between the value of the automobile before the injury and its value after the accident, and when that theory is applied the cost of repairs cannot be included in the damages awarded.

4. SAME—*Value of Injured Automobile—Competent Witness.* One who was accustomed to handling cars of the kind injured, had bought and sold several of them, and was fairly familiar with their value, is a competent witness to give an opinion as to the value of the injured automobile.

5. SAME—*Negligence—Other Acts of Similar Negligence Shown on Cross-examination of Defendant.* On an issue as to the negligence of a driver of an automobile it is ordinarily not admissible to show acts of negligence on other occasions, but where the defendant has testified as to careful driving, a cross-examination within reasonable limits, as to whether he had not at other times been reprimanded and arrested for fast driving, may be permitted; and the extent of the cross-examination of the defendant in this case is not deemed to be a ground for a reversal of the judgment.

6. SAME—*Damages Not Excessive.* The damages awarded plaintiff are held not to be excessive.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed April 9, 1921. Modified and affirmed.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for the appellant.

*P. W. Croker,* of Kansas City, *W. W. McCanles, F. M. Kennard,* and *S. L. Trusty,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:  This action was brought by C. P. Barshfield to recover damages sustained by the act of M. M. Vucklich in negligently running his automobile against one in which plaintiff was riding, injuring him and damaging his automobile.  The plaintiff prevailed and defendant appeals.

The collision occurred at the intersection of Seventh and Ann streets in Kansas City.  Plaintiff was driving his car south on Seventh street and as he approached Ann street at a speed of six miles per hour he signaled that he was about to turn into that street.  At that time the defendant, who was driving his car from the south on Seventh street at the alleged speed of thirty-five miles per hour, drove his car into that of the plaintiff at the intersection of the streets, overturning plaintiff's car and throwing him out on the pavement.

Error is assigned by defendant on the refusal of the court to sustain a demurrer to plaintiff's evidence.  There is a contention that there was no. evidence of negligence by the defendant, no evidence that the car was being driven at an excessive rate of speed, and that the plaintiff himself was negligent in turning his car in front of that of the defendant.  The plaintiff did not undertake to give the rate of speed at which the defendant was driving, but he did testify that while he was driving thirty or forty feet at a rate of six miles per hour, the defendant drove his car two hundred feet, showing that defendant was driving at a speed of at least thirty miles per hour.  The statute provides that no person shall operate a motor vehicle within a city at a speed greater than twelve. miles an hour, and further that it shall not be driven across an intersection of streets within a city at a speed exceeding six miles per hour.  (Laws 1917, ch. 74, § 5.)  The plaintiff had a right to assume that the defendant was driving at a legal rate of speed, and if the defendant had been driving at that rate the plaintiff could have made the turn in safety.  The proof of negligence is deemed to be sufficient.

Complaint is made of an instruction to the effect that if either plaintiff or defendant violated the statute relating to speed, it would constitute negligence. The running of a car at an illegal rate of speed is of itself a violation of the law and negligence, but of course a person violating a statute or local ordinance fixing a speed limit is not liable for damages unless such damages are the proximate result of the illegal speed. (*Williams v. Electric Railroad Co.,* 102 Kan. 268, 170 Pac. 397.) This rule was not overlooked in the trial as the court, after telling the jury that a violation of the statute constituted negligence, followed it with another instruction that they could not find against the defendant unless the negligence was the proximate cause of the injury to plaintiff or his automobile. The same principle was repeated in another part of the charge, thus leaving no ground for the defendant's complaint.

Objection is made to the instruction relating to the measure of damages as applied to the automobile. The instruction as to that branch of the case was that if they found for the plaintiff they should allow him "his reasonable and necessary expenditures in repairing said automobile, and the difference, if any, by way of diminution between the fair market value of said automobile immediately before said collision and immediately following said collision, and the making of said repairs, not to exceed in all $3,000." Plaintiff offered testimony to the effect that he had expended $33.45 towards the repair of the machine to make it run; that its value before it was injured was $546.71; and further, that its value after the injury and before repairs was $400, and that its value after repairs was $450. In measuring damages in such a case the general rule applied is to allow the difference between the value before the injury and the value after the accident. (Huddy on Automobiles, 5th ed., § 719.) Some authorities support the view that the damages may be measured by the expense of repairing the car. In many cases this rule is not adequate or satisfactory since the injury may not be susceptible of repair or the depreciation due to the injury of the machine may be much greater than the cost of any practical repairs made upon it. In other cases after the repairs are made the car might be of greater value than it was before the accident. In one case after the repairs the car may be worth less than it was before the in-

jury and in the other the repairs made may actually increase
its value. In any event, the question of damages should not
have been submitted on both theories, for if submitted on both,
double damages might be allowed. (Huddy on Automobiles,
5th ed., p. 942.) The mistake of the court in submitting both
theories to the jury may be remedied by deducting from the
verdict the amount expended upon repairs, which was shown
to be $33.45. The trial court is directed to reduce the amount
of plaintiff's recovery to that extent.

Objections were made to the admission of evidence. First
it is said that plaintiff's testimony as to the value of the car
was not admissible since it was not shown that he was com-
petent to give values. There was testimony to the effect that
he was accustomed to handling cars of the kind injured, had
bought and sold several of them and was fairly familiar with
their value. His evidence was admissible.

Another objection is that the court permitted inquiry as to
other acts of careless driving and of accidents resulting from
it. This testimony was drawn out in the cross-examination of
the defendant. He had testified that he was a careful driver
and was driving carefully at the time of the accident. He was
then asked if he had not been stopped and reprimanded by
officers for fast driving, if he had not run into a light pole, if
he had not struck a boy and had not been arrested for careless
driving. To some of these inquiries he gave an affirmative
answer and to others he entered a denial. On the direct ex-
amination no evidence was offered as to his driving habits or of
careless driving on other occasions. The general rule is that
acts of negligence on other occasions than the one in question
are, with a few exceptions, inadmissible. (1 Wigmore on Evi-
dence, §§ 65, 199.) Here, however, it was only a cross-exami-
nation of the defendant himself as to his claim of careful driv-
ing, and no reason is seen why such an inquiry may not be
permitted within reasonable limitations. It does not appear
that the discretion was abused in this instance or that the
rights of the defendant were prejudiced by the extent of the
inquiry.

There is a contention that the damages awarded ($2,000)
are excessive. In view of the testimony as to the personal in-
juries sustained by the plaintiff, as well as the damages to

his automobile, it cannot be held that the damages allowed are excessive.

The case is remanded with the direction to deduct $33.45 from the amount awarded to plaintiff, and so modified the judgment is affirmed.