No. 24,289.

F. W. Martin, *Appellee,* v. Edward J. Weigand and William A. Weigand, Copartners doing business as The Weigand Tea and Coffee Company, *Appellants.*

SYLLABUS BY THE COURT.

Automobiles—*Collision at Street Intersection—Contributory Negligence.* In a case arising out of the collision of two automobiles, in which a general verdict was returned for the plaintiff, the special findings considered in connection with the evidence are held to show that his established negligence was a contributing cause of the accident and therefore to require a judgment for the defendants.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed June 9, 1923. Reversed.

*J. A. Brubacher, W. D. Jochems,* and *J. Wirth Sargent,* all of Wichita, for the appellants.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glen Porter,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Mason, J.: F. W. Martin sued the Weigand Tea & Coffee Company, a partnership, for damages caused by an automobile driven west by the plaintiff being run into at a street intersection by a car of the defendants' driven south. Judgment was rendered for the plaintiff and the defendants appeal.

The collision took place a little west of the middle of the north and south street. By ordinance the plaintiff had the right of way. Another ordinance required the driver of an automobile to give a reasonable warning of its approach, by bell or horn, upon passing the intersection of an obstructed street. Each driver's view of the other was obstructed by building material in the northeast quarter of the intersection, piled to a height of some six feet and extending nearly to the middle of each street, and back from the corner each

way for about 100 feet. The jury found these facts: Each car just prior to the collision was going 12 to 15 miles an hour. The driver of the defendants' car sounded his horn before entering the intersection; the plaintiff did not. The driver of the defendants' car was negligent in failing to ascertain if there was any vehicle in the intersection going east and west before entering it. The proximate cause of the injury was the failure of the driver of the defendants' car to ascertain if there was any other vehicle in the intersection going east or west before proceeding across it. To the question whether the plaintiff prior to entering the intersection looked for a car from the north the jury answered: "Plaintiff did not see car until just before it hit his car."

In the opinion of this court the evidence and the findings require a judgment for the defendants, upon these grounds: The jury's answer to the question whether the plaintiff looked for a car from the north before entering the intersection was in effect a negative. The express findings show that he violated the statute (Laws 1917, ch. 74, § 5) by driving faster than six miles an hour within a street intersection, and violated the ordinance by failing to sound his horn on approaching the obstructed crossing. Of course in order for his negligence in these respects to prevent a recovery by him it was necessary that it should have contributed to the injury. (*Matassarin v. Street Railway Co.*, 100 Kan. 119, 122, 163 Pac. 796; *Cross v. Rosencranz*, 108 Kan. 350, 195 Pac. 857; *Barshfield v. Vucklich*, 108 Kan. 761, 197 Pac. 205.) If there had been any evidence tending to show that the plaintiff's negligence did not contribute to the accident the verdict could stand. For instance if it had been shown that some loud noise was being made, say by a riveting machine in a building in process of erection, which might have prevented the driver of the defendants' car from hearing the horn if it had been sounded, that item of negligence could have been eliminated as a factor in the result. But there was no evidence whatever of any matters bearing on the effects of the negligence beyond what has already been stated. The findings and the established facts already mentioned present the sole basis upon which the defendants' liability must be determined, and the decision turns upon the application of the law to the situation presented. The duty of the defendants' driver to yield the right of way was no more imperative than that of the plaintiff to sound his horn on approaching the obstructed crossing; but even if this were not so the jury were not

authorized to find a verdict in favor of the plaintiff because they regarded his negligence to be less than that of the defendants, for in this jurisdiction the doctrine of comparative negligence is not recognized. (*Railway Co. v. Walters*, 78 Kan. 39, 96 Pac. 346.) This court discovers nothing in the evidence warranting a finding that the accident would have occurred if the plaintiff before entering the intersection had sounded his horn and reduced his speed to six miles an hour.

The finding that the proximate cause of the accident was the failure of the defendants' driver to ascertain if another car was in the intersection before entering it is in the nature of a conclusion · and like the general verdict must yield to more specific findings of fact. The conclusion of the jury that the plaintiff's negligence was not a contributing cause of the collision is held to be without support in the evidence and against the specific findings.

The judgment is reversed and the cause is remanded with directions to render judgment for the defendants.