No. 25,332.

HARRY O'NEIL, *Appellee*, v. FRED W. FLEMING and FRANCIS M. WILSON, Receivers of THE KANSAS CITY RAILWAYS COMPANY, *Appellants*.

SYLLABUS BY THE COURT.

STREET RAILWAY—*Automobile Attempting to Cross Track—Contributory Negligence of Driver of Automobile.* The proceedings considered in an action for damages sustained by the driver of an automobile in a collision with a street car, and *held,* the automobile driver was negligent as a matter of law.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed June 7, 1924. Reversed.

*E. S. McAnany, M. L. Alden, T. M. VanCleave, O. L. Miller,* and *C. C. Glandon,* all of Kansas City, for the appellants.

*J. K. Cubbison, Wm. G. Holt,* and *J. K. Cubbison, jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover damages caused by a collision between plaintiff's automobile and one of defendants' street cars. The plaintiff prevailed, and defendants appeal.

The plaintiff owned and operated a bakery located on the south-west corner of the intersection of Baltimore and Osage avenues, in Kansas City, Kan. The receivers of the Kansas City Railways Company operated a double-track street-car line on Osage avenue, running east and west.

On September 3, 1920, about one p. m., plaintiff's Ford auto bakery wagon was standing on the south side of Osage avenue, on the north side of plaintiff's bakery, facing the west. The plaintiff desired to take it around on the east and to the rear of his bakery on Baltimore avenue. In order to do so he started the car in a northwesterly direction to make a right-hand circular turn on Osage avenue in order to get around to the east side of his store.

The testimony, among other things, showed that plaintiff cranked his car, got in and started to make a circle to the right; that he first crossed the south or east-bound track, then the north or west-bound track, going north, making the circle, turning all the time to the right; that when he got back on the south or east-bound track he was struck by the street car coming from the west; that it was a clear day; that a car could be seen coming from the west for a distance of 400 or 500 feet; that just before he got into and started his truck he looked to the west and to the east, and saw no street car approaching; that in making the circle he held his hand out on the right side of his truck; that there was a fire station some 400 or 500 feet west of plaintiff's bakery; that the street car came by the fire station at the rate of sixteen or eighteen miles an hour; that at the time it struck plaintiff's car it was coasting at from eight to twelve miles per hour.

In addition to a general verdict against the defendants for $1,800, the jury answered special questions as follows:

"Q. 1. Did the plaintiff look west to see if a street car was approaching just before driving on the track where the collision occurred? A. No.

"Q. 3. When the plaintiff drove onto the track where the collision occurred, how far was the street car away? A. Fifty feet.

"Q. 4. When the plaintiff drove onto the track where the collision occurred, how fast was he driving? A. Six miles per hour.

"Q. 5. When the plaintiff drove onto the track where the collision occurred, how fast was the street car going? A. Twelve miles per hour.

"Q. 6. Was the plaintiff making a turn to the right at and immediately prior to the collision? A. Yes.

"Q. 7. If you find for the plaintiff, state specifically wherein the defendants were negligent. A. The defendants' motorman was negligent in not observing traffic."

Defendants contend, among other things, that the court erred in refusing to permit the introduction of a city ordinance showing that plaintiff violated the ordinance in turning to the right in the street; that the verdict was contrary to the evidence; that the findings were inconsistent with each other, and contradictory and inconsistent with the general verdict.

Assuming the negligence of the defendants, the principal question involved is whether the plaintiff is barred from recovery by his contributory negligence in undertaking to cross the tracks from the north in front of the street car.

The plaintiff, among other things, testified:

"I do not know how fast the street car was going when I saw it up there toward the fire department. . . . It was a bright, sunshiny day. As I was making the turn there I didn't stop at any time. Just moved right on around at the rate of about 6 or 8 miles an hour. . . . I put my hand out and kept it out all the time. That Ford truck had a cab in front, right behind the windshield. There was an opening on each side of me. Back of the seat was the body, or enclosed part, of the bread wagon. The top of the wagon was about four feet from the floor. Above the back of the seat was my bread box, with two doors. . . . They were solid doors, so that back of me, as far as the body of the truck extended, there was no opening of any kind. In making this circle I entered the south track going practically south. As I faced around so that I was going straight south, I don't think I looked to the west to see if a street car was coming, because I had my hand out and I thought I had time to make it when I got in the car. When I started onto the south track, as I was making that curve, I didn't look before I went onto the south track. The truck was open to my right, as I was going in that direction so that I could look out there, but I had my right hand out. I suppose I could have seen a street car coming if I had looked out, anywhere this side of Twelfth street."

It is clear that there was nothing to prevent plaintiff from seeing the approaching street car as he entered upon the south track the second time. According to the third finding of the jury the street car was fifty feet away when the plaintiff drove on the track where the collision occurred, and according to the fourth finding plaintiff was driving at the rate of six miles per hour. He could have looked and seen the approaching street car, and, seeing that he was in danger, could have stopped. He had operated his bakery in the same building about eight years and knew the conditions under which the street cars passed. Under all the circumstances he was bound to look for an approaching street car before driving onto the track. His failure to do so must be held to have been negligence as a matter of law. (*Moore v. Railways Co.*, 108 Kan. 503, 196 Pac. 430,

and authorities cited.)    Other questions raised in the briefs need not be discussed.

The judgment is reversed, and the cause remanded with directions to enter judgment for the defendants.