Morris v. Kansas City, L. & W. Rly. Co.

No. 25,657.

CORA MORRIS, *Appellee,* v. THE KANSAS CITY, LEAVENWORTH & WESTERN RAILWAY COMPANY, *Appellant* (ED STUDT, *Defendant*).

SYLLABUS BY THE COURT.

1. PLEADINGS—*Indefinite Petition—Waiver of Defect.* Where a demurrer to a defective petition is overruled and no appeal is taken therefrom and the petition is indefinite and uncertain in several particulars which could have been corrected in response to a motion to make more definite and certain if one had been filed, it is not error to overrule an objection to the introduction of evidence to prove particular allegations of the petition, nor to overrule a demurrer to the evidence of the plaintiff, if the petition states a cause of action and there is evidence which tends to prove all the necessary elements of that cause of action.

2. NEGLIGENCE—*Contributory Negligence—Special Findings.* The defendant railway company was not entitled to judgment on the special findings of the jury.

3. SAME—*Contributory Negligence—Street Railway Crossing.* The deceased, who was killed while attempting to cross street railway tracks, was not guilty of such contributory negligence, as a matter of law, as prevents a recovery for his wrongful death.

4. MASTER AND SERVANT—*Injury to Third Person—Nature of Master's Liability.* In an action against a street railway company and the motorman operating one of its cars for the wrongful death of a person attempting to cross the railway company's tracks, the company is not excused from liability by a verdict in favor of the motorman where there is evidence which tends to show that the death was caused by defective brakes on the car.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed May 9, 1925. Affirmed.

*McCabe Moore,* of Kansas City, *H. M. Langworthy,* and *Frank H. Terrell,* both of Kansas City, Mo., for the appellant.

*David F. Carson,* of Kansas City, and *Carlos W. Evans,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action was brought to recover damages for the wrongful death of W. A. Morris, the plaintiff's husband, who was killed when the automobile he was driving was struck by an interurban car operated by defendant Studt as motorman but belonging to the defendant railway company. A verdict was returned for the defendant Studt, but against the defendant railway company.

Judgment was rendered accordingly, and the defendant railway company appeals.

1. Under one head, the defendant railway company contends:

"The court committed error in overruling appellant's objection to the introduction of any evidence under the petition of appellee on the ground that said petition did not state a cause of action against appellant.

"The court committed error in overruling appellant's objection to the introduction of certain testimony of appellee and daughter of appellee.

"The court committed error in overruling defendant's demurrer to appellee's evidence."

The railway company had filed a demurrer to the petition, which had been overruled before the trial began, from which no appeal was taken.

To support its contentions, the railway company argues that the plaintiff was not the proper party to maintain the action; that the petition should have alleged that W. A. Morris was, at the time of his death a resident of Kansas; and that evidence should have been introduced to prove that allegation. The argument to show that the plaintiff was not the proper party to maintain the action is based on section 60-3204 of the Revised Statutes, which reads:

"That in all cases where the residence of the party whose death has been or hereafter shall be caused as set forth in the next preceding section [by the wrongful act or omission of another] is or has been at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

The petition alleged that the plaintiff was the next of kin of W. A. Morris and that there had been no administration upon his estate. The plaintiff testified that she was the widow of W. A. Morris and that there had been no administration of the estate. The evidence showed that one of the witnesses on the trial was the child of W. A. Morris.

It is argued that if a widow prosecutes an action for the wrongful death of her husband in Kansas, she should allege: "(1) Whether or not the deceased left any children who would take a share of the amount that may be recovered; (2) whether or not she sues as an individual or in a representative capacity."

The petition was attacked by demurrer, not by motion to make more definite and certain, and was held sufficient as against that demurrer. If the defendant had desired, the petition could have been

made more definite and certain by setting out the facts which, it is now claimed, ought to have been alleged. If the petition was defective, the railway company had knowledge thereof at the time it went to trial. If it had desired that the petition be put in proper form, a request to that effect should have been made. Since such request was not made, the railway company cannot now be heard to say that it was prejudiced by the indefiniteness of the petition. Under these circumstances, it did not matter to the railway company whether the action was prosecuted by the widow, by the next of kin, or by the administrator. There was but one cause of action, and that cause of action was tried under pleadings which the railway company chose to permit to stand without objection other than by demurrer.

The evidence complained of was that which was introduced to establish the cause of action that was being tried. If it were necessary, the pleadings would be considered as amended to correspond to the facts established by the evidence. There was evidence which tended to prove all the facts necessary for the plaintiff to establish to enable her to recover.

To reverse the judgment on either of these grounds would be to violate section 60-3317 of the Revised Statutes, which directs this court to disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice had been done by the order of the trial court.

2. The railway company says that "the court committed reversible error in overruling defendant's motion for judgment upon the special findings of the jury." The findings of the jury were as follows:

"1. When Mr. Morris was driving an automobile north on Twenty-second street in Kansas City, Kan., at the time referred to in plaintiff's petition, and reached a point about thirty (30) yards south of the railroad track of The Kansas City, Leavenworth & Western Railway Company, which crosses said Twenty-second street, was there anything to prevent him, if he looked eastward, from seeing an electric car on said railroad track at any place west of said crossing for a distance of at least fifty (50) yards? A. No.

"2. If you answer the above question in the affirmative, then state what it was that obstructed the view. A. Nothing.

"3. When Mr. Morris was driving an automobile north on Twenty-second street in Kansas City, Kan., at the time referred to in plaintiff's petition and reached a point about thirty (30) or forty (40) feet south of the railroad track

of the Kansas City, Leavenworth & Western Railway Company which crosses said street, was there anything to prevent him, if he looked eastward, from seeing an electric car on said railroad track at any place east of said Twenty-second street for a distance of, at least, two hundred (200) feet? A. We believe not.

"4. If you answer the last question in the affirmative, then state what it was that obstructed such view. A. A hill.

"5. Is not the view of a person on Twenty-second street in Kansas City, Kan., looking eastward from any point toward defendant's right of way not exceeding thirty yards south of the railroad crossing the same now as it was when Mr. Morris was killed, with reference to the visibility of one of defendant's cars upon its tracks? A. No.

"6. At what rate of speed was Mr. Morris driving his automobile when he was about thirty (30) feet south of the track of The Kansas City, Leavenworth & Western Railway Company on Twenty-second street, in Kansas City, Kan.? A. Between fifteen and twenty miles per hour.

"7. If Mr. Morris had seen the electric car of defendant railway company on its railroad track when he reached a place forty (40) feet south of the railroad track, in what distance could he have stopped his automobile? A. About twenty feet.

"8. Did the collision between the automobile of Mr. Morris and the electric car of defendant railway company occur on the east or west side of Twenty-second street in Kansas City, Kan.? A. West side.

"9. Did the collision of the automobile and electric car of the defendant railway company occur near the south end of the front trucks of the electric car as it was running westward? A. No.

"10. Was there any whistle or whistles sounded or signals given on the electric car of the defendant railway company before it reached the crossing on said Twenty-second street? A. Yes.

"11. If you answer the last question in the affirmative, then state how many times the whistle was blown and at what intervals. A. Several short blasts at a distance of two blocks and again at a distance of thirty or forty feet."

The railway company urges that, under these findings, the deceased was driving his car at a speed greater than that allowed by law, and that consequently he was guilty of such contributory negligence as prevents his recovery. Section 8-122 of the Revised Statutes in part reads:

"Within any city or village no motor vehicle shall be operated at a speed greater than twelve miles an hour nor at a rate of speed greater than is reasonable and proper, and having regard for the traffic and use of the road, and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person."

In response to the argument of the defendant, we quote from *Matassarin v. Street Railway Co.*, 100 Kan. 119, syl. ¶ 2, 163 Pac. 796, and *Cross v. Rosencranz*, 108 Kan. 350, syl., 195 Pac. 857, as follows:

"Rule followed that where a plaintiff's negligence merely furnishes the situation or condition whereby the unrelated, unforeseen and unanticipated negligence of another does him an injury, the plaintiff's negligence is not necessarily contributory nor does it necessarily bar a recovery for his damages sustained." (*Matassarin v. Street Railway Co.*, supra.)

"The rule that violation of a speed regulation does not constitute actionable negligence, or constitute contributory negligence defeating recovery, unless it contribute to injury applied to admissions and findings of facts in an action for damages for personal injuries sustained in a collision between a motorcycle and an automobile." (*Cross v. Rosencranz,* supra. See, also, *Barshfield v. Vucklich,* 108 Kan. 761, 197 Pac. 205; and *Martin v. Weigand,* 113 Kan. 611, 612, 215 Pac. 1023.)

The findings do not show that the rate of speed at which the deceased was driving his car contributed to his injury. For that reason, the contention of the railway company that it was entitled to judgment on the findings of fact cannot be sustained.

3. The railway company contends that "under the laws of the state of Kansas applicable to travelers on highways, W. A. Morris, deceased, was guilty of contributory negligence as a matter of law under the findings of the jury." To support this contention, it is argued that the deceased was guilty of such contributory negligence as prevents his recovery by attempting to cross the railway track in front of an approaching electric car which he saw, or could have seen, if he had looked. The railway company seeks to invoke the rule upheld by this court many times which requires a person to look and listen when about to cross a railroad track, and if necessary, to stop before attempting to cross, and which holds one guilty of contributory negligence if he attempts to cross in front of an approaching train after he has seen it. That rule does not apply to one who is attempting to cross a street railway track. In *Railroad Co. v. Gallagher,* 68 Kan. 424, syl. ¶ 2, 75 Pac. 469, this court said:

"A traveler may cross an electric street railway track in front of an approaching car which he plainly sees and distinctly hears and not be negligent. If, in view of his distance from the car, the rate of speed of its approach, and all other circumstances of the event, a reasonably prudent man would accept the hazard and undertake to cross, a traveler may do so, and the propriety of his conduct is ordinarily a question for the jury." (See, also, *Marple v. Railway Co.,* 85 Kan. 699, 118 Pac. 690; *Williams v. Benson,* 87 Kan. 421, 425, 124 Pac. 531; *Wiley v. Interurban Railway Co.,* 89 Kan. 84, 130 Pac. 659; *Salisbury v. Street Railroad,* 103 Kan. 714; Note in L. R. A. 1917C, 692.)

W. A. Morris was not necessarily guilty of such contributory negligence as prevents the plaintiff from recovering in this action.

4. The railway company claims that "under the evidence, it was

not liable under the doctrine of *respondeat superior* for the wrongful act of the motorman, as the motorman in this case was exonerated entirely."

The petition alleged that the defendant violated the ordinances of Kansas City "in that it failed to have said street car equipped with adequate brakes in this, to wit: That said brakes failed to operate or hold said street car or to stop the same, and were old, worn and defective, and the appliances on said car were old, worn and defective, and would not clamp the wheels upon said car at said time, and failed to operate at the time said street car approached said crossing." The motorman testified that, when he first saw the automobile, he immediately applied the brake and used the sand; that he had been running between twelve and fifteen miles an hour, but reduced the speed of the street car to about six miles an hour when he struck the automobile; and that he could stop the car when it was going six miles an hour in fifty or seventy-five feet. There was evidence which tended to show that the street car ran about 250 feet after striking the automobile before it was stopped. If the brakes were applied when the motorman saw W. A. Morris about to cross the railway tracks and if he were running six miles an hour when he hit the automobile in which Morris was riding and then run 250 feet, or anywhere near 250 feet, after striking the automobile before the street car stopped, the brakes must have been defective. There was direct evidence that the brakes had been defective for some time. Running a car with defective brakes was negligence of the railway company, for which the motorman was not responsible. The motorman may have done all that he could to stop the car and may have been unable to do so because of the defective brakes. The railway company is responsible for its defective brakes. This takes the case out of the rule contended for by the railway company, because negligence of the company in using the defective car was not the negligence of the motorman. The motorman, according to his testimony, did all that he could to stop the car, but the evidence tends to show he was unable to do so because of the defect in the car.

The judgment is affirmed.