No. 26,457.

ELIZABETH OGDEN, *Appellee,* v. FRANCIS M. WILSON and FRED W.
  FLEMING, Receivers of the KANSAS CITY RAILWAYS COMPANY,
  *Appellants.*

#### SYLLABUS BY THE COURT.

1. STREET RAILROADS—*Liability for Injuries—Contributory Negligence — Care
   Required.* Where a pedestrian undertakes to cross a street upon which are
   two street-car tracks, and while on the second one is struck by a street car
   which it required sixty feet to stop and which just as he stepped upon the
   second track was thirty feet away, coming at the rate of twenty miles an
   hour, his failure to look for an approaching car constitutes, as a matter of
   law, such contributory negligence as to preclude a recovery on his account
   against the railway company. This conclusion is not affected by the fact
   that his attention was drawn to a car approaching from the opposite direction
   on the other track.

2. SAME—*Liability for Injuries—Contributory Negligence—Last Clear Chance.*
   In the situation stated in the foregoing paragraph the principle of the last
   clear chance cannot apply, because the motorman had no opportunity to
   prevent the accident after the pedestrian was in a position of danger from
   which he could not extricate himself, and also because that form of negli-
   gence was excluded from consideration by not being among the grounds of
   negligence found by the jury.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed February 6, 1926. Reversed.

*E. S. McAnany, M. L. Alden, T. M. Van Cleave, O. L. Miller* and *C. C.
Glandon,* all of Kansas City, for the appellants.

*Arthur J. Stanley,* of Kansas City, for the appellee; *Joseph Taggart,* of Kan-
sas City, of counsel.

The opinion of the court was delivered by

MASON, J.: Harry M. Ogden was killed by being struck by a
street car while crossing the track on foot in Kansas City, Kan.
His widow brought this action against the receivers of the street
railway company and recovered a judgment, from which this ap-
peal is taken.

The accident occurred about half past ten in the morning. The
plaintiff's husband alighted from a truck on the west side of Thir-
teenth street, which runs north and south, just south of Garfield,
which runs east and west. He undertook to cross the intersection
diagonally, walking to the northeast. As he was upon the second of

Street Railroads, 36 Cyc. pp. 1537 n. 60, 1565 n. 98; 23 L. R. A. n. s. 1224; 36
L. R. A. n. s. 927.

two street-car tracks running along Thirteenth street, and was near the east rail, he was hit by a north-bound street car, which was not scheduled to stop at that crossing and did not do so except as a result of the accident. At about the time of its occurrence, or a little later, a south-bound car stopped just north of Garfield street.

The defendants ask that judgment in their favor be rendered upon special findings showing these facts: When the deceased entered the east street-car track the street car that struck him was thirty feet away. It was traveling about twenty miles an hour and could have been stopped in about sixty feet. The negligence of which the defendants were found guilty was that of the motorman in running at too high a speed, talking to a passenger, and "not having car under proper control at a blind street crossing." The deceased did not look to the south to see if a street car was approaching at any time while he was crossing Thirteenth street and before he was struck. To the question, what if anything there was to prevent him from seeing the approaching car, the answer was made: "His attention was drawn to the approaching of south-bound car." The defendants move to have the finding just quoted set aside as not supported by any evidence. The only testimony on the subject was that of two witnesses. One of them said: "After this accident I saw another street car; it had just made a stop at Thirteenth and Garfield, on the north side of Garfield." The other said: "There was a south-bound street car stopped before we left." It is not necessary to pass upon the questions raised by this motion. It may be remarked that the circumstance of the corner being a blind one—having buildings at the corners shutting off a view of traffic on the cross street—would seem to have no bearing on the obligations of the defendants to the deceased, since he was at all times on Thirteenth street and not upon Garfield, except at the intersection, and the buildings could not have interfered with the line of vision between him and the street car.

The contention of the defendants is that no recovery can be had by the plaintiff because the findings show that the conduct of the decedent in failing to look for an approaching car from the south under the circumstances stated amounted to contributory negligence as a matter of law.

Not all the considerations which support the rule that it is contributory negligence as a matter of law to attempt to cross an ordinary railroad track in front of an approaching train that is seen, or

that might be seen by looking, exist with respect to a street-car track. In the case of the railroad the traveler is never regarded as exercising reasonable caution if he loses in a race with the train to the crossing. He is required to yield it the right of way and not undertake to cross until it has passed. But one who sees a street car approaching may properly cross the track if under all the circumstances it is reasonable to suppose there is time enough for him to do so in safety. Therefore the rule applicable to crossing railroads applies in the case of street-car tracks only with some modification. (*Moore v. Railways Co.,* 108 Kan. 503, 505, 196 Pac. 430; *Railroad Co. v. Gallagher,* 68 Kan. 424, 75 Pac. 469.) There is a difference in judicial opinion, and particularly in its expression, with respect to the extent and character of this modification, but a widely accepted if not the general view is that a traveler is under a positive obligation to look for an approaching car before crossing a street-car track, and that no recovery can be had on account of any injury to him caused or contributed to by his omission to do so. (25 R. C. L. 1277-9; 36 Cyc. 1627; 3 Elliott on Railroads, 3d ed., § 1534; Note, 7 Street Railway Reports, 35, 36.) In the note just cited it is said: "As a general proposition a pedestrian who crosses the tracks of a street railway company without looking for approaching cars, when he would have seen a car had he looked, is guilty of such negligence as bars a recovery for his injuries resulting from a collision with such car." This court holds it to be negligence as a matter of law to undertake to cross a street-car track without first looking to see if a car is coming. "That a street-car track is a warning of danger; that each track, where there are more than one, is a warning; that a car may be expected at any time, and that a pedestrian must look and listen before attempting to cross, has been said so many times that a reference to the decided cases is not necessary. The purpose of looking for an oncoming car is to avoid the danger incident to getting in front of it or so near to it as to cause a collision." (*Galloway v. Interurban Railway Co.,* 97 Kan. 110, 115, 154 Pac. 238.)

It cannot reasonably be said in the present case that the decedent's negligence in failing to look did not necessarily contribute to his being struck by the car, on the theory that if he had looked and seen it just before stepping on the east track he might have supposed he had time enough to cross and attempted it in that belief. He failed to avail himself of a precaution which reasonable diligence required and which would have given him the opportunity

to escape injury by remaining where he was or by crossing the track with greater speed. In thus refusing to invoke means of protection which were readily at hand and which gave every promise of success he contributed to the calamity which befell him. In *Thomas v. Railway Co.*, 79 Kan. 335, 99 Pac. 594, a demurrer to the plaintiff's evidence was held to have been properly sustained where he had attempted to cross in front of a car moving from eighteen to twenty-five miles an hour, which he saw at a distance of forty-five feet as he was on the inner rail of the first track, and was struck just after passing the inner rail of the second track—a group of conditions quite similar to those of the present case, except that the pedestrian looked and saw the car. (See, also, cases in note—which is cited in *Moore v. Railways Co.*, supra—in L. R. A. 1917C 697-699.)

Of the general situation here presented it has been said:

"We have held many times that when one steps upon a track without looking and is struck, when, had he taken the trouble to look he would have seen the danger, it is contributory negligence. That is not questioned, but counsel seem to contend that this rule has been modified by cases in which we have held that where he *did* look, and had reasonable ground for believing that he could safely cross, the case was one for the jury, whether common prudence justified his course or not.

.   .   .   .   .   .   .   .   .   .

"The crucial principle in this class of cases is that one who neglects to look for a car when there is an unobstructed view, just before entering upon the track, and is struck by a car before he can walk directly across, is guilty of a neglect of duty in not assuring or reassuring himself that there is not a car directly upon him, of which situation the fact that he is struck is conclusive proof." (*Manos v. Detroit United Railway*, 168 Mich. 155, 156, 162.)

A large number of cases bearing more or less directly upon the question under consideration will be found in the American Digest system under the title Street Railways, key numbers 98 (6), (7) and (8). We hold that the findings show such contributory negligence on the part of the decedent as to bar a recovery by the plaintiff.

There was some evidence tending to show that the decedent walked slowly as though he had sore feet. Of course if he were under any disability in this regard he would not be exercising due caution unless he took that into account in deciding whether it were safe to cross the track. So far as concerned the safety of crossing in front of an oncoming car, an impediment to his motion would increase the hazard as though the car were correspondingly nearer.

Assuming that there was evidence to support the finding that the decedent's attention was drawn to the south-bound car, or that such finding is not now open to attack, that would not be an adequate excuse for his failure to look south along the east track before stepping upon it.

2. There is no opportunity for applying the principle of the last clear chance, for the motorman had no opportunity to save the decedent after he had been placed in a position of danger from which he could not extricate himself. Moreover, the elements of negligence specifically found in answer to a special question calling for all of these excludes from consideration negligence in that respect.

The judgment is reversed with directions to render judgment for the defendants.